UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff                           )<br>                                    )<br>V.                                      )<br>                                    )<br>JONATHAN WILLIAM WALL,     )<br>    Defendant                     )<br>                                    ) | Criminal No. SAG-19-CR-0500 |

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT
DUE TO PROCEDURAL DEFECT

NOW COMES the Defendant, Jonathan William Wall, by counsel, and states as follows:

RELEVANT FACTS

The Indictment in this case charges the Defendant and ten other men with conspiracy to distribute marijuana "[f]rom in or about January 2016, and continuing through April 2019, in the District of Maryland and elsewhere."

THE INDICTMENT IS DEFECTIVE AND SHOULD BE DISMISSED BECAUSE IT IS
VAGUE AS TO ITS GEOGRAPHIC SCOPE

"An indictment implicates a defendant's constitutional due process right to reasonable notice of the charges. An indictment is defective if it fails to apprise the defendant, with reasonable certainty, of the accusation. A motion to dismiss an indictment tests whether the indictment sufficiently charges the offense set forth against defendant. To be valid, [a]n indictment must contain the elements of the offense charged and fairly inform a defendant of the charge." *United States v. Elshinawy*, 228 F.Supp.3d 520, 537 (D. Md. 2016) (citations and internal punctuation omitted).

"Fed. R. Crim. P. 7(c)(1) governs the required content and form of an indictment. It provides that an indictment must be a plain, concise, and definite written statement of the

1

essential facts constituting the offense charged . . . .Ordinarily, an indictment that tracks the statutory language is constitutionally sufficient if accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense . . . with which he is charged. More specifically, an indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *Id.* (citations and internal punctuation omitted).

### THE PROBLEM WITH "ELSEWHERE" IN A MARIJUANA PROSECUTION

The indictment states that Mr. Wall's role in the conspiracy occurred "in the District of Maryland **and elsewhere.**" [ Ex. "A." Wall Indictment.] *Elsewhere* could be a state where marijuana is completely legal. *Assuming arguendo* that it is not "completely legal" in Maryland, whatever the *elsewhere* is still has a great deal of impact on Mr. Wall's right to be noticed of and prepare a defense to the charges. If the *elsewhere* is a state where cannabis is legal—in contrast to a state where it is not—then this changes the posture and trajectory of the defense.

For example, if the *elsewhere* is Colorado, then the defense to the conspiracy charge might be that his actions were legal pursuant to state law and federal directives regarding cannabis prosecution, which would bear upon issues of federalism, selective prosecution, and vagueness, not to mention the witnesses and evidence that he would present at trial.

The bottom line is that, due to the disparate and unequal ways in which cannabis laws are being enforced in this country right now, the *elsewhere* carries real legal and equitable significance.

Further, that Mr. Wall is charged solely with the inchoate crime of conspiracy posits another layer of confusion and vagueness that renders the Indictment fatally defective. *United*

*States v. Clarine*, 138 Fed.Appx. 940, 942 (9th Cir. 2005) (dismissing conspiracy charge because, *inter alia*, "the indictment alleging a conspiracy to have taken place 'within the District of Idaho and elsewhere' left an open geographical area"); *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979) (indictment was defective because of, *inter alia*, geographic scope alleging that the "the conspiracies occurred in Arizona, Mexico, and elsewhere").

An indictment for a law that is being unequally applied around the country must provide more than simply inchoate claims and vague geographical references to satisfy due process. The crime with which Mr. Wall is charged, 21 U.S.C. § 846, states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." If a defendant is *in situ* where the offense is ostensibly legal, then this would bear upon the elementary intent of "attempt or conspire" as enumerated in 21 U.S.C. § 846.

This can be seen by the widgets example discussed in the Brief in Support of Defendant's contemporaneously filed Motion To Dismiss Indictment On Equal Protection Grounds. If, hypothetically, widgets are treated as illegal in one state, but treated as perfectly legal in another, and a defendant is charged with conspiracy to manufacture and distribute widgets, the question(s) of where he: (1) allegedly (i) formed the intent as to the (ii) agreement to distribute widgets; (2) where he was when took the step in furtherance of it is critical. This is because, with conspiracy charges, we reverse engineer the requisite *mens rea* from the object of the intent, which is the commission of a prohibited act, so that if the act is not prohibited *in situ*, then the requisite *mens rea* for culpability is absent.

"The existence of a *mens rea* [i.e., mental state or state of mind] is the rule of, rather than the exception to, Anglo-American jurisprudence." *United States v. United States Gypsum Co.*,

3

438 U.S. 422, 436, 98 S.Ct. 2864 (1978) (citation omitted); *Ruiz v. United States*, 146 F.Supp.3d 726, 731 n. 7 (D. Md. 2015). *Mens rea* can include, among other mental states, "specific intent, general intent, presumed intent, willfulness, and malice." *Voisine v. United States*, 136 S. Ct. 2272, 2281 (2016). "A conspiracy charge under 21 U.S.C. § 846 [such as in this case] takes the mens rea requirement of the underlying offense." *Bruff v. United States*, 2015 U.S. Dist. LEXIS 116728, at 9 (D. Md. Sep. 1, 2015) (citation omitted). "And … that section requires only the 'specific intent to distribute a controlled substance.'" *United States v. Ali*, 735 F.3d 176, 186 (4th Cir. 2013).

Thus, if *mens rea* is absent because, for example, the Defendant had no intent to distribute a controlled substance because it was not a controlled substance in the state where the Defendant was present, then there is no conspiracy.

In sum, the usage of *elsewhere* in the context of an indictment for cannabis in 2020, ought be sufficient to dismiss the Indictment for being overly vague and not noticing the Defendant of the charges against him in a manner that comports with due process. Coupled with the fact, however, that he is the only Defendant charged with the inchoate crime of conspiracy in this Indictment and the charging instrument is fatally defective.

WHEREFORE, the Defendant respectfully requests that the Indictment be dismissed.

Respectfully submitted this 1st day of November, 2020

> *s/Jason Flores-Williams, Esq.*
> 1851 Bassett St., #509
> Denver, CO 80202
> 3035144524
> Email: Jfw@jfwlaw.net
> *Counsel for Defendant Wall*
> PRO HAC VICE

<div style="margin-left: 40%">

s/J Wyndal Gordon
J. Wyndal Gordon
THE LAW OFFICE OF J. WYNDAL GORDON, P.A.
20 South Charles Street, Suite 400
Baltimore, MD 21201
4103324121
Fax: 14103473144
Email: jwgaattys@aol.com

</div>

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date of November 1, 2020, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

<div style="margin-left: 50%">

/s/ Jason Flores-Williams
Jason Flores-Williams

</div>