Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 1 of 23  Page ID #:35
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 1 of 23

1

1                   UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA

2                WESTERN DIVISION – LOS ANGELES

3

4 UNITED STATES OF AMERICA,   )   Case No. 20 MJ-3039
                        )

5       Plaintiff,        )   Los Angeles, California
                        )   Tuesday, July 7, 2020

6          v.         )   1:00 P.M. to 1:27 P.M.
                        )

7 JONATHAN WILLIAM WALL,     )   TELEPHONIC HEARING
                        )

8       Defendant.       )

9

10

11

12                     TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE KAREN L. STEVENSON,

13            UNITED STATES MAGISTRATE JUDGE.

14

15 Appearances:              See Page 2

16 Deputy Clerk:             Gay Roberson

17 Court Reporter:          Recorded; CourtSmart

18 Transcription Service:     JAMS Certified Transcription
                         16000 Ventura Boulevard #1010

19                          Encino, California   91436
                         (661) 609-4528

20

21

22

23

24

25 Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 2 of 23  Page ID #:36
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 2 of 23

2

```
 1   APPEARANCES:

 2

 3   For the Plaintiff:        The United States Attorney's Office
                               Central District of California
 4                            Criminal Division
                               By:  CHARLES FOWLER
 5                            312 North Spring Street, 12th Floor
                               Los Angeles, California  90012
 6                            (213) 894-2434
                               USACAC.Criminal@usdoj.gov
 7

 8   For the Defendant:        James A. Bustamante Law Offices
                               By:  JAMES A. BUSTAMANTE
 9                            809 Montgomery Street, 2nd Floor
                               San Francisco, California  94111
10                            (415) 394-3800
                               myke@jacksonsquarelaw.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 2:20-mj-03039-DUTY   Document 14   Filed 07/13/20   Page 3 of 23   Page ID #:37
Case 1:19-cr-00500-SAG   Document 139   Filed 11/04/20   Page 3 of 23

3

1    LOS ANGELES, CALIFORNIA, TUESDAY, JULY 7, 2020, 1:00 P.M.

2        (Call to Order of the Court.)

3            THE CLERK:  Calling Case No. 20 MJ-3039,

4    *United States of America v. Jonathan William Wall*.

5            Counsel, please state your appearances for the

6    record.

7            CHARLES FOWLER:  Good afternoon, Your Honor.

8    Charles Fowler for the United States.

9            THE COURT:  Good afternoon, Mr. Fowler.

10           JAMES A. BUSTAMANTE:  Good afternoon, Your Honor.

11    James Bustamante appearing on behalf of Mr. Jonathan William

12    Wall, who's present by way of video.

13           THE COURT:  Good afternoon to you, Mr. Bustamante.

14           And good afternoon to you, Mr. Wall, who is

15    appearing by video, per consent that was previously given at

16    his initial appearance, and in custody.

17           This is the time that the Court had set for the

18    continued detention hearing in this matter and an identity

19    hearing in this matter, as that was not waived -- as this is

20    an out-of-district matter and Mr. Wall did not at his initial

21    appearance waive the right to an identity hearing, but I do

22    have a document signed on the 2nd, a waiver of identity

23    hearing.

24           Is that correct, Mr. Bustamante?

25           MR. BUSTAMANTE:  That is correct, Your Honor.  I

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 4 of 23  Page ID #:38
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 4 of 23

4

1    did go through that with Mr. Wall.

2              THE COURT:  All right.

3              Good afternoon to you, Mr. Wall.  I just want to

4    confirm that you had a chance to go over the waiver of the

5    right to an identity hearing with your counsel,

6    Mr. Bustamante; is that right?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  And you did have an opportunity to

9    consider what the consequences and implications were of

10   giving up that right; is that correct?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  And it is your desire to give up your

13   right to have an identity hearing in this district in this

14   matter that originates out of the District Court of Maryland;

15   is that correct?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  All right.  Then the Court finds that

18   your waiver of right to an identity hearing is knowing,

19   willingly, and voluntarily given.

20             Is the Government prepared to proceed with a

21   detention hearing today?

22             MR. FOWLER:  Yes, Your Honor.

23             THE COURT:  And, Mr. Fowler, is the Government

24   still seeking detention in this matter?

25             MR. FOWLER:  Yes, Your Honor, the Government is

Case 2:20-mj-03039-DUTY   Document 14   Filed 07/13/20   Page 5 of 23   Page ID #:39
Case 1:19-cr-00500-SAG   Document 139   Filed 11/04/20   Page 5 of 23

5

1    seeking detention.

2              THE COURT:  All right.

3              Mr. Bustamante, is the defense prepared to go

4    forward with a detention hearing this afternoon?

5              MR. BUSTAMANTE:  We are, Your Honor.

6              THE COURT:  All right.

7              Let me double-check because I do believe, based on

8    the charges out of the District of Maryland, this is a

9    presumption case.  Is that correct, Mr. Fowler?

10             MR. FOWLER:  Yes, Your Honor.  It's a (b)(1)(A)

11   quantity under Title 21, and it is a presumption case as a

12   result.

13             THE COURT:  All right.  In that instance, because

14   the Government has the presumption -- a rebuttal presumption,

15   I'm going to allow the defense to argue first and addressing

16   any risk of nonappearance and danger posed by Mr. Wall.

17             Mr. Bustamante, you may proceed.

18             MR. BUSTAMANTE:  Thank you very much, Your Honor.

19             I want to start off by saying that the

20   Pretrial Services officer did a relatively thorough report.

21   So I'm going to do my best not to repeat anything that's

22   indicated in the report and -- but there are some important

23   factors that I do want to highlight and make sure that the

24   record is clear to clarify the circumstances under which

25   Mr. Wall found himself self-surrendering on the warrant from

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 6 of 23  Page ID #:40
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 6 of 23

6

1  Baltimore, Maryland, last Monday, which I believe was the

2  31st.

3            MR. FOWLER:  29th.

4            MR. BUSTAMANTE:  29th -- whatever day last Monday

5  was, Your Honor.

6            So, Your Honor, I was involved with Mr. Wall when

7  this case first started last summer in Baltimore, Maryland.

8  I had traveled -- I was retained by Mr. Wall, I traveled back

9  East and met the AUSA Mr. Chris Romano, and I think there

10  was, I think, eight or nine other defendants in this matter.

11  It's basically an 846, 841(a) that my client is charged with,

12  conspiracy with intent to distribute marijuana.  We had an

13  understanding -- and I want to let the Court know everything

14  clearly about the chronology of events -- that Mr. Wall would

15  not be arrested and we would wait for the indictment to come

16  down and we would make our initial appearance on agreed-upon

17  date sometime in the end of the summer, beginning of fall of

18  2019.

19            I was contacted by the AUSA, Mr. Romano, and I had

20  lost contact with my client.  Mr. Romano had given us a

21  couple of dates for him to appear.  At one point he picked a

22  particular date.  I flew back to Baltimore, Maryland.  Along

23  with my local counsel, we appeared.  Mr. Wall was absent.  We

24  concede that.  There's no dispute about that.  And he --

25            THE COURT:  Not only was he absent but he

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 7 of 23  Page ID #:41
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 7 of 23

7

1   apparently was in Guatemala for several months; is that

2   correct, Counsel?

3           MR. BUSTAMANTE:  That is correct, Your Honor.  He

4   was in another country, and I was going to get to that.

5           So he did not make that appearance.  He was out of

6   the country in Central America, resurfaced in terms of

7   contact with me, and over many discussions we -- he finally

8   decided that he wanted to come back, face the music, so to

9   speak, and get the case rolling.

10          I was in communication with AUSA Mr. Romano and

11  advised him that I was in the process of trying to get him

12  back with that in -- I believe it was the beginning or middle

13  of March, Your Honor, where the Guatemalan airport was shut

14  down, and it was open on and off with a lot of restrictions

15  -- I've got a long memo from one of my law clerks that starts

16  off March 13th -- and finally really opens where major

17  airlines are flying out of the country on a regular basis at

18  least one time a week.  We got on board, and we got an

19  airline ticket for Mr. Wall.  I communicated as soon as I

20  confirmed, your Honor, that Mr. Wall was on the plane and

21  en route to self-surrender.  I had told Mr. Romano that that

22  was -- my efforts were to get him back into their

23  jurisdiction and put this case behind him.

24          He's 25 years old.  No criminal history.  There

25  were some other reasons why he made the poor choice of

Case 2:20-mj-03039-DUTY   Document 14   Filed 07/13/20   Page 8 of 23   Page ID #:42
Case 1:19-cr-00500-SAG   Document 139   Filed 11/04/20   Page 8 of 23

8

1    leaving.  He believed that at some point there may have been

2    some people looking for him, and I want -- without saying

3    anything on the record, Your Honor, I'll refer the Court to a

4    particular paragraph of the Pretrial Services Report, where

5    it reflects some efforts by my client in having met with the

6    AUSA and other, I guess, previous counsel.  My clerk is going

7    to try and find that for me, and I'll --

8                (Counsel confers with his clerk.)

9                THE COURT:  Well, Counsel, let me be clear here --

10               MR. BUSTAMANTE:  And so -- so the point --

11               THE COURT:  Pardon --

12               MR. BUSTAMANTE:  -- the point --

13               THE COURT:  Pardon me.

14               MR. BUSTAMANTE:  -- the point being that --

15               THE COURT:  Pardon me, Mr. Bustamante.  I want you

16   to be clear here.  This Court is not litigating the merits of

17   the underlying charges out of the District of Maryland.  The

18   Court is only concerned --

19               MR. BUSTAMANTE:  I understand.

20               THE COURT:  -- here with those factors and facts

21   that are part of the record at this juncture before this

22   Court regarding any elements in this defendant's history or

23   background that would mitigate any further risk of

24   nonappearance, as he's already not appeared for one federal

25   court proceeding, or otherwise mitigate any danger to any

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 9 of 23  Page ID #:43
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 9 of 23

9

1  person or the community in light of the seriousness of the

2  allegations that are lodged against him.

3       MR. BUSTAMANTE:  Completely understood, Your Honor.

4  But the context is, because of my communication with

5  Mr. Romano over the last couple of days to try to reach an

6  agreement that the constant -- and of course it's one of the

7  main concerns for the Court -- is whether or not he's a

8  flight risk given his history, and I was simply trying to put

9  into context the circumstances under which he left and then

10  the circumstances of which he returned --

11       THE COURT:  Understood.

12       MR. BUSTAMANTE:  -- because it's important for

13  everybody to know that the whole purpose of his returning was

14  of course to self-surrender, and we gave notice to the AUSA,

15  Romano, that he was arriving on a particular flight,

16  particular time, and he's ready to be arrested, which is what

17  occurred.

18       So presently, his parents, who have been supportive

19  of Mr. Wall throughout his life, obviously, and through some

20  struggles that he had as a teen with some mental-health

21  issues and some issues with drug addiction -- they have been

22  supportive with him, and as the Pretrial Services Reports --

23  I've been in constant contact with him.  They are prepared to

24  do a signature bond.  The Pretrial Services Report recommends

25  25,000.  If the Court thinks that it's necessary to go higher

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 10 of 23  Page ID #:44
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 10 of 23

10

1    than that, they're prepared to do whatever is necessary in

2    support of their son.

3          The context of what we'd like to have happen with

4    Mr. Wall is to have him returned and have his parents be

5    custodians.  They live about two hours outside of Baltimore.

6    He can reside there.  He can attend either outpatient or

7    inpatient treatment through a facility that we checked on.

8    It's called the Ashley -- Father Martin Ashley Treatment

9    Center.  I know that Mr. Romano, the U.S. attorney back there

10   in Maryland, had checked that out.  Of course, it would have

11   to be approved by Pretrial Services.

12          But what I'm trying to do, Your Honor -- and you

13   don't know me, and it's the first time that I've appeared

14   before you, but I'm not an 8:00 to 5:00 lawyer.  I'm a true

15   believer in my clients, I'm a true believer in the system of

16   trying to turn people's lives around, and Mr. Wall, despite

17   this mandatory-minimum ten-year case that he's got in front

18   of him, is now prepared with some appropriate intervention,

19   which simply is to treat his addiction to ketamine, to treat

20   other anxiety issues that he has, to get his life back on

21   board so he has an exit strategy for this case that he's --

22   that's looming over his head.

23          The Government, over my conversations, has

24   repeatedly told me, "Well, Mr. Bustamante, how do we know

25   he's not going to leave again?"  You know, there's no one

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 11 of 23  Page ID #:45
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 11 of 23

11

1   that can predict that, but the circumstances under which he

2   voluntarily self-surrendered -- and the Government had told

3   me over the last month or so "We want him to come back,

4   Mr. Bustamante, the sooner, the better," and now he's here,

5   and they're seeking detention.  I can agree to disagree with

6   their position.  I don't quite understand it.  I do

7   understand that if he had left as a fugitive with a desire to

8   never to return and never came back and they had to go and

9   catch him by the marshals fugitive task force, I'd have more

10  of an uphill battle.

11          So I hope, Your Honor, that I'm addressing all the

12  issues that the Court needs to take into consideration.

13  There's security, and I understand that there's also a new

14  option, rather than an ankle bracelet, but there's a -- I was

15  told by Pretrial Services there's a service in your district

16  that -- I don't know if it's in Maryland or not -- where the

17  person has a face-recognition app on his phone, where he can

18  be checked on a regular basis, and it also has GPS because

19  it's attached to a phone.  So, if the Court wants additional

20  conditions to address the Court's concern about flight risk,

21  there's -- I don't need to tell the Court, of course, there's

22  many options available to the Court.

23          In terms of danger to the community, he has issues

24  that revolve around his behavior that's destructive to

25  himself.  It's not to society.  He's -- he needs treatment.

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 12 of 23  Page ID #:46
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 12 of 23

12

1   He's not -- you -- the Court knows he's not going to get it

2   the Santa Ana County Jail, he's not going to get it, you

3   know, making his way from California to Baltimore, Maryland,

4   over the course of who knows how long it would take and being

5   exposed to COVID-19 along the way if he was detained.

6           I'm hoping, Your Honor, that I'm addressing all the

7   issues that the Court needs to take under consideration to

8   let him get back on track, have some consideration that he

9   did self-surrender, and he's ready to move forward.

10          THE COURT:  Thank you, Mr. Bustamante.

11          MR. BUSTAMANTE:  Thank you, Your Honor.

12          THE COURT:  Mr. Fowler, for the Government?

13          MR. FOWLER:  Yes.  Thank you, Your Honor.

14          Let me just begin by making clear, you know, for

15  the record that the supplement that Pretrial provided to the

16  Court and to the parties yesterday does change its

17  recommendation from its initial report last week, which, as

18  Mr. Bustamante said, recommended release on a $25,000

19  appearance bond.  Pretrial now has concluded that no set of

20  conditions can reasonably assure the defendant's appearance,

21  and so I just -- I wanted to direct the Court to that

22  recommendation, which, of course, the Government agrees with.

23          I'll just touch briefly on danger, Your Honor.  The

24  defendant is accused of a very sophisticated drug-trafficking

25  conspiracy involving over a thousand pounds -- sorry --

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 13 of 23  Page ID #:47
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 13 of 23

13

1  kilograms of marijuana.  It's a serious offense distributing

2  illegal drugs to the community, on top of the defendant's

3  admitted drug problems, and just for those reasons, I don't

4  think the defendant has rebutted the presumption that any set

5  of conditions could reasonably assure the safety of the

6  community.

7          But obviously, the main issue in this is the flight

8  risk.  It's simply undisputed that the defendant has already

9  failed to appear once when faced with the very charges that

10 he faces in this case.  The Government doesn't really take

11 issue with the timeline -- the basic timeline that was laid

12 out by Mr. Bustamante, but the fact remains that, if you

13 accept the defendant's information provided to Pretrial that

14 he had been living in Guatemala for about seven months, it

15 lines up -- it essentially lines up with the time when the

16 defendant knew in late summer that he was going to be

17 indicted and that an initial appearance was going to be

18 scheduled, and the defendant fled the country so as not to

19 face these charges.

20         It's true, Your Honor, that the defendant arranged,

21 then, a self-surrender, but that's only after a number of

22 months of being a fugitive out of the country.  He fled the

23 charges.  He's got significant international travel.  He's

24 obviously got access to resources that have allowed him to

25 travel in this way, and at the end of the day, Your Honor,

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 14 of 23  Page ID #:48
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 14 of 23

14

1   we're talking about an individual who, unfortunately, is

2   facing, you know, serious ten-year mandatory-minimum charges

3   as his sort of first exposure to the criminal justice system,

4   which creates sort of an obvious pressure not to want to face

5   that, which he's always demonstrated a willingness to do, and

6   so, Your Honor, the Government thinks it's, likewise, not

7   been -- not -- the defendant has not rebutted the

8   presumption, again, of a reasonable assurance that he would

9   not appear.

10           THE COURT:  All right.  Thank you.

11           Any further comments from defense counsel?

12           MR. BUSTAMANTE:  Your Honor, I'll just add that all

13   the potential conditions available to the Court to address

14   what, I think, is probably the biggest looming concern as a

15   flight risk are all circumstances that were not available

16   back in the summer of 2019 and were not conditions and

17   considerations considered by Mr. Wall when he made the poor

18   -- the poor choice -- you know, there's no way that I'm going

19   to try to excuse that particular choice, but there has to be

20   something to be said, Your Honor, that, when the Government

21   says, you know, "Get him back here.  Get him back here as

22   soon as possible," and he actually does come back, and he's

23   been advised by me that, if he were to be released and leave

24   this time with all of those conditions imposed, not only

25   would his parents be subjected to the Government going after

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 15 of 23  Page ID #:49
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 15 of 23

15

1  them for whatever it be -- 25,000, 50,000, 100,000 -- that he

2  would also face an additional charge on top of the 846, 841

3  that he's now facing, and I don't know any court that would

4  impose that as a -- not -- an additional amount of exposure

5  that would be imposed on top of whatever happens on the

6  846, 841(a).

7          So we have different circumstances and, Your Honor,

8  you know, I don't know -- you know, actions speak louder than

9  words.  Here he is.  We self-surrendered.  I let them know he

10  was coming.  For him to -- for the suggestion that he's

11  coming, to then turn around and leave, what's the point of

12  that?

13          So I'm hoping Your Honor, that with all of the

14  resources and conditions available to the Court there are the

15  least restrictive of conditions that may be imposed by the

16  Court to address the question of flight risk, because I don't

17  think that danger to the community given the opportunities

18  available for him and the support and the intervention now

19  ready to go on his behalf, I would suggest that, I guess, the

20  question for the Court is more about flight risk than it is

21  danger to the community, I think, but --

22          THE COURT:  All right.  Thank you.

23          MR. BUSTAMANTE:  I'm happy to answer any questions

24  the Court may have.

25          THE COURT:  I don't have any further questions at

Case 2:20-mj-03039-DUTY   Document 14   Filed 07/13/20   Page 16 of 23   Page ID #:50
Case 1:19-cr-00500-SAG   Document 139   Filed 11/04/20   Page 16 of 23

16

1    this moment.

2            Having heard the statements and arguments of

3    counsel, the Court remains deeply concerned regarding the

4    risk of flight.  We have an individual who has no ties to the

5    Central District of California, has no employment in the

6    Central District of California, has had no presence in the

7    Central District of California, and was present in Guatemala

8    for the past seven months.  It would be different if the

9    Court were imposing conditions on an individual who was to

10   appear here in the Central District.  However -- and this is

11   an out-of-district matter, where he must appear in the

12   District of Maryland and has a previous failure to appear

13   here.

14           In this presumption case, while the Court is

15   mindful that under the current circumstances Mr. Wall has

16   cooperated with his counsel to self-surrender and return to

17   the United States, nevertheless, he has yet to appear in the

18   charging jurisdiction, and the Court finds that the defendant

19   has not rebutted by sufficient evidence to the contrary the

20   presumption in this case regarding the risk of flight.

21           While the risk of danger is more -- danger to any

22   person or the community is largely predicated on the

23   seriousness of the charges in the case, and those charges are

24   yet unproven, the Court also remains concerned -- has a

25   concern for danger to any person or the community in the

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 17 of 23  Page ID #:51
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 17 of 23

17

1   interim of -- between the Central District of California,

2   where he has no ties, to the charging District of Maryland

3   because of his substance abuse.  I believe Pretrial Services

4   indicated that he had last used ketamine, a very serious

5   drug, just days before his arrest.

6           Therefore, the Court is going --

7           THE DEFENDANT:  That's not --

8           THE COURT:  -- the Court is going to enter an order

9   of detention in this matter as follows:

10          On a motion of the Government in a case allegedly

11  involving narcotics or controlled-substance offense with a

12  maximum sentence of ten or more years, on a motion by the

13  Government in a case allegedly involving a serious risk that

14  the defendant will flee, the Government is in this case

15  entitled to a rebuttable presumption that no condition or

16  combination of conditions will reasonably assure the

17  defendant's appearance as required and the ability of any

18  person -- and the safety of any person or the community.

19          The Court finds that no condition or combination of

20  conditions will reasonably assure the appearance of the

21  defendants as required and/or the safety of any person or the

22  community, and the Court finds, as I indicated, that the

23  defendant has not rebutted by sufficient evidence to the

24  contrary the presumption that is provided by statute in this

25  case.

Case 2:20-mj-03039-DUTY   Document 14   Filed 07/13/20   Page 18 of 23   Page ID #:52
Case 1:19-cr-00500-SAG   Document 139   Filed 11/04/20   Page 18 of 23

18

1          In making that determination, the Court has

2     considered the nature and circumstances of the offense

3     charged; the weight of the evidence against the defendant,

4     although that's the least weighty factor, those charges are

5     yet unproven; the history and characteristics of the

6     defendant; and the nature and seriousness of the danger to

7     any person or to the community.

8          The Court has also considered all of the evidence

9     adduced at the hearing today and the arguments and statements

10    of counsel, as well as the Pretrial Services Reports that

11    were prepared in this case and its recommendation.

12         The Court bases the foregoing findings on the

13    following:

14         The history and characteristics of the defendant

15    indicate a serious risk that the defendant will flee because

16    the risk of flight is presumed in this case.

17         The defendant is unemployed with little or no ties

18    to this district.

19         The defendant's criminal record reflects prior

20    failure -- a prior failure to appear, and insufficient bail

21    resources have been proffered to mitigate the risk of flight.

22         The defendant also poses a risk to the safety of

23    other persons or the community because of a history of drug

24    use and the serious -- the nature and seriousness of the

25    allegations in this presumption case.

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 19 of 23  Page ID #:53
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 19 of 23

19

1          Therefore, it is ordered that the defendant be

2    detained prior to trial.

3          It's further ordered that the defendant be

4    committed to custody of the Attorney General for confinement

5    in a corrections facility separate, to the extent

6    practicable, from persons awaiting or serving sentences or

7    being held in custody pending appeal.

8          It's further ordered that the defendant be afforded

9    reasonable opportunity for private consultation with his

10   counsel.

11         And it is further ordered that on an order of a

12   court of the United States or on a request of any attorney

13   for the Government the person in charge of the corrections

14   facility in which the defendant is confined shall deliver the

15   defendant to a United States marshal for the purpose of an

16   appearance in connection with a court proceeding.

17         Mr. -- that is the Court's order of detention.

18         Mr. Bustamante, would you also like the Court to

19   order a transfer forthwith to the charging District of

20   Maryland?

21         MR. BUSTAMANTE:  That's exactly what I was just

22   going to ask, Your Honor --

23         THE COURT:  Okay.

24         MR. BUSTAMANTE:  -- and I appreciate the Court

25   bringing that to the attention of the record, and I would ask

Case 2:20-mj-03039-DUTY   Document 14   Filed 07/13/20   Page 20 of 23   Page ID #:54
Case 1:19-cr-00500-SAG   Document 139   Filed 11/04/20   Page 20 of 23

20

1   that that be ordered.

2          THE COURT:  The Court will so order that the

3   defendant be transferred forthwith to the charging

4   District of Maryland, and that way his travel arrangements

5   will all be sorted.

6          Now, of course, Mr. Bustamante, this order of

7   detention is subject to review.  You may seek review of that

8   order upon his arrival with the charging district in Maryland

9   should they determine that they're circumstances are such

10  that they would be willing to consider a bond, but that is

11  the determination of this Court.

12         Mr. Wall, I do believe you wish to address the

13  Court, but, however, I want to caution you that I would

14  really encourage you to speak to Mr. Bustamante.  I wouldn't

15  want you to say anything in court.  You have a right to

16  remain silent.  I don't want you to say anything in the court

17  that would in any way jeopardize your defense in this matter

18  before you address the Court in any way.

19         Mr. Bustamante, do you have a secure line where you

20  could speak to your client if there's something he wants you

21  to bring to the Court's attention?

22         MR. BUSTAMANTE:  I do have a secure line but I --

23  just hearing the snippet of what he was about to say, I

24  anticipate that it might have been a correction about --

25         THE COURT:  From the Pretrial --

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 21 of 23  Page ID #:55
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 21 of 23

21

1        MR. BUSTAMANTE:  -- the last time that he had used

2  ketamine, and in the greater scheme of things, I just want to

3  let the Court know that I recognize, and I'm letting client,

4  Mr. Wall, know, that that detail, whether correct or

5  incorrect in terms of whether it was a couple days or a week,

6  is of no great consequence in terms of what the Court has

7  ordered.  So I'm hoping that my client, as I instructed him

8  previously, has nothing further to add.

9        THE COURT:  All right.  Thank you, Mr. Bustamante,

10  for that clarification.  I appreciate that.

11        All right.  Anything further on this matter on

12  detention today?

13        MR. FOWLER:  Not from the Government, Your Honor.

14        THE COURT:  All right.  Anything --

15        MR. BUSTAMANTE:  No, Your Honor, and -- no,

16  Your Honor.  Thank you for the Court's consideration.

17        THE COURT:  My pleasure.

18        I just want to make sure we have put on the record

19  that Mr. Wall -- I -- do we have a consent to appear

20  telephonically?  I want to make sure we have it.  I have his

21  Advisement of Statement of Rights, the waiver --

22        MR. BUSTAMANTE:  We had previously, Your Honor --

23  when we had our last hearing last week, we provided the Court

24  with a consent for --

25        THE COURT:  Okay.

Case 2:20-mj-03039-DUTY  Document 14  Filed 07/13/20  Page 22 of 23  Page ID #:56
Case 1:19-cr-00500-SAG  Document 139  Filed 11/04/20  Page 22 of 23

22

1          MR. BUSTAMANTE:  -- videoconferencing.  I'm not

2   sure if the Court wants another one for today's appearance or

3   that covers both.

4          THE COURT:  It has a form where you -- on that form

5   it allows you to consent to detention hearings and further

6   proceedings; so we don't have to have a separate one.  I just

7   don't happen to see it in the file this afternoon.  Is it on

8   the docket?

9          MR. BUSTAMANTE:  We can resend it to your clerk,

10  Your Honor, if you'd like.

11         THE COURT:  Okay.  Mr. Bustamante, no need to

12  resend another -- our courtroom deputy has confirmed that it

13  is on the docket, which is what matters.  So we have it, and

14  it is signed.

15         MR. BUSTAMANTE:  Thank you.

16         THE COURT:  All right.  Thank you very much,

17  Mr. Fowler, Mr. Bustamante.

18         And good afternoon and good luck to you, Mr. Wall.

19         MR. BUSTAMANTE:  Thank you, Your Honor.

20         MR. FOWLER:  Thank you, Your Honor.

21         THE CLERK:  Court is adjourned.

22      (Proceedings adjourned at 1:27 p.m.)

23  ///

24  ///

25

Case 2:20-mj-03039-DUTY   Document 14   Filed 07/13/20   Page 23 of 23   Page ID #:57
Case 1:19-cr-00500-SAG   Document 139   Filed 11/04/20   Page 23 of 23

23

1

2

3

4                                CERTIFICATE

5            I certify that the foregoing is a correct

6    transcript from the electronic sound recording of the

7    proceedings in the above-entitled matter.

8

9    /s/ Julie Messa_____        July 12, 2020
     Julie Messa, CET**D-403         Date
10   Transcriber

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25