IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. SAG-19-0500 |
| | * | |
| | * | |
| JONATHAN WILLIAM WALL | * | |
| | ****** | |

### MEMORANDUM OPINION AND ORDER

On October 22, 2019, a grand jury returned an indictment against Jonathan William Wall and others for violation of 21 U.S.C. §§ 846 and 841(a)(1) (conspiracy to possess with intent to distribute marijuana). ECF 1. Currently pending is Wall's "Motion for Review of Order of Detention" ("the Motion"), ECF 128, which appeals the detention order issued by United States Magistrate Judge Karen L. Stevenson in the Central District of California on July 7, 2020, ECF 94-1. This Court has reviewed the briefing submitted by the parties, ECF 128, 134, and the transcript of the detention hearing before Judge Stevenson. ECF 139. No hearing is necessary to resolve this Motion. *See* Loc. R. 105.6 (D. Md. 2018); *see also United States v. Martin,* Crim. No. PWG-19-140, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (finding "ample authority for the conclusion that the Court may decide the [appeal of detention] on the filings . . . as opposed to a hearing."). For the reasons that follow, Wall's Motion will be denied.

**I.     Procedural History**

The parties agree as to the essential facts relevant to this dispute. Wall appeared at a proffer arranged by his counsel on defendant on June 10, 2019, where he was advised that he would be charged with a marijuana distribution conspiracy carrying a ten year minimum mandatory sentence. At that proffer, the government asked Wall about his previous international travel using a fake passport. Wall advised that he had destroyed the passport, and the government instructed

him not to leave the country, although he was free to return to his home in California after the proffer. Later in the summer of 2019, Wall hired replacement counsel, who attended a meeting with the prosecutors. The prosecutors reiterated at that meeting that Wall would face charges.

The grand jury issued the indictment on October 22, 2019, ECF 1, and the government scheduled Wall's initial appearance and arraignment for November 15, 2019. On that date, Wall did not appear in court. Counsel admitted that they did not know where he was, and United States Magistrate Judge Beth P. Gesner issued a warrant for his arrest. ECF 52, 53.

In or about June, 2020, Wall's attorneys contacted government counsel to advise that Wall would be returning to the United States from Guatemala and would be willing to self-surrender. He was arrested upon arrival at LAX airport in Los Angeles on June 29, 2020. Wall returned to the United States in possession of a passport issued in his own name, but there was no record of him using that passport to leave the country or to enter Guatemala. On July 7, 2020, Judge Stevenson issued an Order of Detention, finding that Wall had not rebutted by sufficient evidence the applicable presumption of detention under 18 U.S.C. § 3142(e), and that no condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of any person or the community. ECF 94-1. Upon arrival in the District of Maryland, Wall consented to detention at his initial appearance, while preserving his right to file this appeal of the detention order. ECF 98.

## II. Standard of Review

Pretrial detention and release are governed by the Bail Reform Act ("BRA"), 18 U.S.C. §§ 3141, *et seq.* The government is permitted to seek pretrial detention of a defendant charged with serious narcotics offenses. *Id.* § 3142(f)(1)(C). In fact, a rebuttable presumption of detention applies to the charge against Wall, because it is an "offense for which a maximum term of

imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* § 3142 (e)(3)(A)–(B). If the presumption can be rebutted, the BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id. §* 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). Where, as here, a detention ruling is based on a defendant's risk of nonappearance, the Court must make the detention finding by a preponderance of the evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam) ("With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *see also United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)).

The BRA permits a defendant who is ordered detained by a magistrate judge to "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order," which "shall be determined promptly." *Id.* § 3145(b). The district judge must review the detention issue *de novo* "and must make an independent determination of the proper pretrial detention or conditions of release." *Stewart*, 19 F. App'x at 48.

### III.   Analysis

Wall asks this Court to review Judge Stevenson's order of detention. First, this Court turns to a *de novo* review of her determinations. After review of the relevant factors, this Court finds by

a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Wall's appearance in Court.

Obviously, the critical issue is Wall's flight to Guatemala, in contravention of the prosecutors' instructions, upon learning that his indictment was forthcoming. The fact of his flight speaks to Wall's "history and characteristics" and specifically is relevant to his "record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3) & (3)(a). Although this Court still cannot pinpoint the date of Wall's departure for Guatemala as a result of his apparent use of a fake passport to travel, he failed to appear in court in November, 2019. He did not self-surrender until seven months later. His counsel suggests that his decision to flee was a "panicked mistake," ECF 128 at 5, and that he spent his time in Guatemala engaged in community service with a nonprofit. *Id.* at 6. He also notes that "[o]nce he realized his error and it was safe to travel," Wall arranged to self-surrender in Los Angeles. *Id.* at 6.

Wall's version of events does not credibly align with the timeline of events. A "panicked mistake" does not endure for seven months, and the fact that a fugitive may perform good deeds or use his time productively does not justify his continued fugitive status. Reliance on the travel difficulties inherent in the pandemic is also unpersuasive. Had Wall contacted the government in March, rather than in June, the government could have made a determination about whether there would be a safe way for Wall to surrender to the authorities. Moreover, there were at least four months between the time Wall absconded and the generally recognized commencement of COVID-19 travel restrictions in mid-March, 2020. During that lengthy period, Wall enjoyed unfettered ability to return to this country to face the pending charges.

Ultimately, the fact of Wall's flight to Guatemala is dispositive—his previous willingness and ability to flee the country to avoid prosecution demonstrates that there is no condition or

4

combination of conditions to reasonably assure Wall's appearance in Court. It is true that he had a change of heart in June, 2020 and returned to the United States, but nothing would prevent him from experiencing another change of heart in the other direction. Neither electronic monitoring nor the posting of property or a monetary bond can guarantee a defendant's appearance. In a case like this, where the defendant has already demonstrated an ability and a predisposition to use a fake passport to flee the country for an extended period, there are simply no conditions that could reasonably prevent such flight from happening again.[1]

As a result of the dispositive nature of Wall's fleeing the country, this Court need not address at length the remaining § 3142(g) factors regarding the nature of the offense charged, the weight of the evidence, and the danger he poses to the community. This Court notes, however, that Wall's arguments seek in large part to diminish the significance of his pending charges, on the basis (1) that he is only charged with conspiracy and not a substantive distribution offense; and (2) that marijuana has been legalized in many jurisdictions. Those arguments are misplaced in this forum because, per Congress's determination, the marijuana conspiracy charge—and in particular here a marijuana conspiracy allegedly involving more than 1,000 kilograms of the drug—warrants a rebuttable presumption that he remain detained.

## IV. CONCLUSION

For the reasons stated herein, Wall's Motion for Review of Order of Detention, ECF 128, is **DENIED**.

---

[1] Wall's motion makes passing reference to the possibility of temporary release under 18 U.S.C. § 3142(i), but he has not made any of the relevant showings, such as any medical conditions he may have despite his very young age, or the existence of any current outbreak of the COVID-19 virus at the facility in which he is being held. ECF 128 at 4. This Court therefore ascertains no compelling reason justifying his temporary release.

5

Dated: November 6, 2020

/s/
Stephanie A. Gallagher
United States District Judge