**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **Criminal No. SAG-19-0500** |
| **JONATHAN WILLIAM WALL,** | * | |
| | * | |
| **Defendant.** | * | |

...oOo...

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT JONATHAN WALL'S
PRE-TRIAL MOTIONS**

Now comes the United States of America, by and through its counsel, Robert K. Hur, United States Attorney for the District of Maryland, and Christopher J. Romano, Assistant United States Attorney for the District of Maryland, and hereby responds to the Defendant's pre-trial motions.

**STATEMENT OF THE CASE**

On October 22, 2019, a federal grand jury charged that from in or about January 2016 and continuing through April 19, 2019, in the District of Maryland and elsewhere, the Defendant (hereinafter "Jonathan William Wall or Wall") along with 10 other individuals[1], conspired to distribute and possess with the intent to distribute marijuana, a Schedule I controlled substance. ECF No. 1. The indictment alleged that the quantity of marijuana attributable to Wall, as a result of his own conduct and the conduct of his co-conspirators reasonably foreseeable to Wall, was more than 1,000 kilograms, in violation of 21 U.S.C. § 846. *Id.* The investigation conducted by the Harford County Narcotics Task Force resulted in the seizure of hundreds of kilograms of

---

[1] Wall erroneously claims "he is the only Defendant charged with the inchoate crime of conspiracy in this Indictment." Wall's brief for motion to dismiss the indictment at 4. ECF 136-1.

marijuana and the seizure of more than $1.2 million in cash.

Wall has filed motions seeking dismissal of the indictment on equal protection claims, ECF No. 135-1, a motion to dismiss the indictment on what he characterizes as a "procedural defect", ECF No. 136-1, and a motion for a preliminary hearing regarding statements of co-conspirators, ECF No. 137-1.

For the reasons set forth below, all of Wall's motions should be denied.

I.      **ARGUMENT**

(A)    **Wall's Indictment For Conspiracy To Distribute Marijuana Does Not Violate Equal Protection Under The 14th Amendment.**

Wall seeks to have the indictment dismissed complaining that the federal prosecution of trafficking in marijuana does not comport with equal protection and due process. Wall's brief at 5. In short, he argues that he is being selectively prosecuted and being denied a market to distribute (sell) marijuana. In an effort to make such an argument, Wall attempts to analogize the sale of marijuana to the sale of widgets. Wall's argument is doomed to failure, as he recognizes, as he must, that "We acknowledge that the manufacture, distribution, and possession of cannabis is illegal on the federal level, so that no matter where a citizen is in the United States, if he or she is engaged in this activity, then they are in violation of the law and subject to prosecution." Wall's brief at 4.

Notwithstanding this fatal concession, Wall's counsel goes to somewhat considerable length discussing clients of his in start-up businesses-- hedge funds, *Id.* at 1, the hypothetical sale of widgets, *Id.* at 2,  etc.,-- all in an effort to demonstrate that Wall's prosecution, which he characterizes as "selective," violates the 14th Amendment.

A selective prosecution claim, such as the one made here by Wall, "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has

brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong,* 517 U.S. 456, 463, (1996).  It asks a court to exercise judicial power over a "special province" of the Executive.  *Heckler v. Chaney,* 470 U.S. 821, 832, (1985).  The United States Attorneys, and the Attorney General, "retain 'broad discretion' to enforce the Nation's criminal laws."  *Armstrong,* 517 U.S. at 464, (quoting *Wayte v. United States,* 470 U.S. 598, 607, (1985)).  As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. *Id.* (quoting U.S. CONST., Art. II, § 3) (quotation marks and citations omitted).  Indeed, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  *Bordenkircher v. Hayes,* 434 U.S. 357, 364, (1978).

In order to rebut the presumption that a prosecutor has not violated the equal protection clause, "a criminal defendant must present '*clear evidence* to the contrary.'"  *Armstrong*, 517 U.S. at 465, (emphasis added) (quoting *United States v. Chemical Found., Inc.,* 272 U.S. 1, 14–15,  (1926)); *see also United States v. Olvis,* 97 F.3d 739, 743 (4th Cir.1996) (defendant must support a selective prosecution claim with "clear evidence") (citing  *Armstrong,* 517 U.S. at 465).

To meet his burden of proving a claim of selective prosecution, Wall must prove two elements.  First, he must prove that the federal prosecutorial policy had a discriminatory effect, and, second, that it was motivated by a discriminatory purpose or intent.  *Id.* at 465; *Wayte,* 470 U.S. at 608.  Wall must show that enforcement against him "had a discriminatory effect and ... was motivated by a discriminatory purpose."  Thus, the burden is on Wall to  establish both (1)

that he has been "singled out" while others similarly situated have not been prosecuted; and (2) that the decision to prosecute him was "invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to exercise his constitutional rights." *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974).

Wall fails on both accounts.  First, Wall is but one of 11 defendants charged in this case. In no way has he been "singled out," notwithstanding his erroneous claim that "he is the only Defendant charged with the inchoate crime of conspiracy in this Indictment."  Wall's brief on motion to dismiss at 4.  ECF No. 136-1.  Second, as to a claim that the decision to prosecute him was based on an impermissible consideration as to race, religion or desire to exercise his constitutional rights, Wall makes no such claim, or provides evidence that would support such a claim.  Wall, like his co-defendants are Caucasian.  Wall's religion, while unknown, is not a basis on which his prosecution was brought.  Nor was his trafficking kilogram quantities of marijuana based on a desire to exercise his constitutional rights.  Not only were the actions of Wall and his co-conspirators secretive, designed to avoid detection, but Wall acknowledges that that "the manufacture, distribution, and possession of cannabis is illegal on the federal level." Wall's brief at 4.

As for Wall's reliance on *United States v. Guess*, 216 F.Supp.3d 689 (E.D.VA 2016), *United States v. Dayi*, 980 F. Supp.2d 682 (D. MD 2013), and *United States v. Coston*, 964 F.3d 289 (4th Cir. 2020), none of the cases support Wall's argument that prosecution of marijuana cases involved either selective prosecution or a violation of the Fourteenth Amendment.  All three cases dealt with the appropriate sentence to be imposed, either after a violation of supervised release where marijuana was illegally possessed, *Guess and Coston* or the sentence to be imposed after plea or conviction after trial, *Dayi*.

Indeed, the court in *Guess* had this to say: "This Court does not purport to suggest that prosecution of marijuana possession in this District is the result of a discriminatory purpose akin to that outlined in *Armstrong*, such as race or religion. *Guess* 216 Fed. Supp.3d at 696. "Ultimately, the question before the Court is not whether possession  of marijuana is a crime for which one can be federally prosecuted in Virginia, but whether Defendant violated the conditions of his supervised release." *Id*. at 697-98.  In *Dayi*, the court in imposing the sentences that it did held "this Court does not call into question the legitimacy of the government's decision to prosecute the defendants in these cases. The defendants pled guilty to or were found guilty of violating federal law.  In addition, their illegal enterprise was not regulated or licensed under state law, and its activities fell awry of several federal enforcement priorities.  Rather, the noted evolution in the legal landscape is relevant only to the Court's evaluation of the sentencing factors set forth in § 3553(a)." *Dayi*, 980 F. Supp.2d. at 687.

Wall has failed to sustain his burden to show that by clear evidence, much less <u>any</u> evidence, that he has been selectively prosecuted and that his prosecution was in any way based on an impermissible consideration as to race, religion or desire to exercise his constitutional rights.  Accordingly, his motion to dismiss should be denied.

**(B)      The Indictment Properly Charges Wall With Conspiracy
And Therefore Need Not Be Dismissed.**

 Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be a plain, concise and definite written statement of the essential facts constituting the offense charged.

 "To pass constitutional muster, an indictment must (1) indicate the elements of the offense charged and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998).  The Fourth Circuit has consistently held that "the sufficiency of an indictment should be determined by

practical, as distinguished from purely technical, considerations." *United States v. Cobb,* 905 F.2d 784, 790 (4th Cir.1990) (quoting *United States v. Missler,* 441 F.2d 1293, 1297 (4th Cir.1969)).   An indictment that tracks the statutory language is sufficient.   *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. American Waste Fibers Co.,* 809 F.2d 1044, 1046 (4th Cir. 1987).   Count One of the indictment, the conspiracy count, tracks the statutory language of 21 U.S. C. § 846 and as such sets forth all the necessary elements of the offense.

Wall complains that the inclusion of the word "elsewhere" is a "procedural defect" and argues that "elsewhere" could "be in a state where marijuana is completely legal."   Wall's brief at 2.   The fundamental flaw in Wall's argument is that this is a <u>federal</u> prosecution, involving a <u>federal</u> crime, specifically, 21 U.S.C. § 846, and therefore does not in any way turn on what may or may be legal in a particular state.   Wall rests his argument on a false premise by positing that if "widgets" are legal in one state but not another, then the requisite *mens rea* is lacking.   Of course, here, Wall is not charged with conspiring to distribute widgets, but rather marijuana, which under federal law is illegal, period.   It does not depend on the locale (or "in situ" as referred to in Wall's brief).

Wall cites this Court to two Ninth Circuit cases, *United States v. Clarine*, 138 Fed. Appx. 940 (9th Cir. 2005) and *United States v. Cecil*, 608 Fed. 2d 1294 (9th Cir. 1979), in support of his argument that inclusion of the word "elsewhere" is somehow a fatal flaw for which the indictment must be dismissed.   Wall's reliance on these cases is misplaced for any number of reasons.   First, as to Wall's citation to *Clarine*, it is an unpublished opinion out of the Ninth Circuit.   In the Fourth Circuit, unpublished opinions, even those within the Fourth Circuit, are not binding authority.   By rule, the Fourth Circuit deems unpublished opinions issued prior to January 1, 2007, as disfavored and "nonprecedential."   4th Cir. R. 32.1.   *See also*

*v. Hayes,* 482 F.3d 749, 751 n. 7 (4th Cir.2007) (citing 4th Cir. R. 32.1 for proposition that a pre–2007 unpublished opinion is not controlling precedent); *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (under Fourth Circuit's internal rules, unpublished opinions are not precedential).

In both *Clarine* and *Cecil* the indictments failed to allege a specific end date of the conspiracy. Indeed, in *Cecil* there was an open-ended time frame at <u>both</u> ends of the alleged conspiracy and offered no particular timeframe as to the beginning and the end to the conspiracy. In *Cecil,* the United States Court of Appeals for the Ninth Circuit rejected an indictment that alleged conspiracies which began "on or before July, 1975," and continued until "on or after October, 1975." *Id.* at 1297. In *United States v. McCown,* 711 F.2d 1441, 1450 (9th Cir.1983), the Ninth Circuit explained that the indictment in *Cecil* was insufficient because the phrases, "on or before" and "on or after," expanded the time frame of the conspiracy indefinitely. The court in *McCown* specifically approved the use of "on or about" to establish the dates of the criminal activity charged there. Here, unlike in both *Clairne* and *Cecil*, there is both a beginning and ending date for the conspiracy. The indictment here charges the conspiracy began "from in or about January 2016 and continuing through April 2019," *see* ECF No. 1.

As to Wall's claim, again relying on *Clarine* and *Cecil*, that the indictment is fatally flawed by the use of the word "elsewhere," the indictment rejected by the Ninth Circuit in *Cecil* alleged conspiracies in "Arizona, Mexico, and elsewhere." *Id.* at 1297. The Ninth Circuit did not state that the geographic description was inadequate, however, or that the use of "and elsewhere" created any deficiency in the indictment. In fact, the court implied that the geographic description was sufficient by referring to the description as one of "only two specific allegations concerning the conspiracies." *Id.* Moreover, other courts have approved indictments containing

the "and elsewhere" language, including the Fourth Circuit, *see United States v. Goldman*, 750 F.2d 1221, 1226 (4th Cir. 1984) (Counts 1 and 2 of the indictment do not charge that the conspiracies were restricted to the Northern Judicial District of West Virginia, but instead charge that they were carried out "within the Northern Judicial District of West Virginia, and elsewhere"); *see also*, *United States v. Roman*, 728 F.3d. 846, 850 (7th Cir. 1984) (The indictment provided in relevant part: "From on or about the first day of January, 1971, and continuing thereafter up to and including the date of this indictment in the Central District of Illinois and elsewhere"); *United States v. Smith*, 692 F.2d 693, 695-96 (10th Cir.1992) ("Between approximately January 1, 1978 and December 31, 1980, in the District of Wyoming and elsewhere"); *United States v. Yonn*, 702 F2d 1341, 1348 (11th Cir. 1983) (The indictment described the locale of the alleged conspiracy, at least partially, with the allegation that the criminal activity took place "in the Northern District of Florida and elsewhere"); *United States v. Harrell*, 737 F.2d 971, n.1 (11th Cir. 1984) ("From on or about January, 1978 to on or about December 1981, the exact dates being to the Grand Jury unknown, at Tampa, in the Middle District of Florida, and elsewhere").

   Because the indictment properly contains a concise and definite written statement of the essential facts constituting the offense of conspiracy in accordance with both Fed. R. Crim. P. 7(c) (1) and well- settled law in this Circuit, his motion to dismiss should be denied.

   **C.   Wall's Motion Requesting A Preliminary Hearing Regarding Co-Conspirators Statements Should Be Denied.**

   Wall requests that the Court hold a "James" hearing[2], and asks the Court to make a pretrial determination of admissibility of co-conspirators statements, pursuant to Fed. R. Evid.

---

[2] *United States v. James*, 590 F.2d 575(5th Cir.1979).

801(d)(2)(E), essentially relying on *James*.  The Supreme Court in *Bourjaily v. United States*, 483 U.S. 171 (1987) completely undercut the rationale for requiring a *James* hearing.  In *Bourjaily*, the Supreme Court specifically addressed and dismissed the claim that the admissibility of co-conspirators acts and statements hinges on proof of the conspiracy by independent evidence. Moreover, the Court in *Bourjaily* stated: "[T]he Confrontation Clause does not require a court to embark on an independent inquiry into the reliability of statements that satisfy the requirements of Rule 801 (d)(2)(E)."  *Bourjaily*  at 183-184.  Wall once again either overlooks or ignores well-established law in this circuit, including *United States v. Blevins*, 960 F.2d 1252 (4th Cir. 1992) which held:

> This circuit has rejected the formalistic requirement that there must be a hearing to determine the existence of a conspiracy before statements can be admitted under Rule 801(d)(2)(E).  *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983).  Instead we allow a trial court to conditionally admit co-conspirators statements subject to the subsequent satisfaction of the requirements for their admission.

*Blevins* at 1256.  *See also, United States v. Caudle*, 758 F.2d 994 (4th Cir. 1985) (4th Circuit has never required a pretrial determination of the existence of the conspiracy); *United States v. Jackson*, 757 F.2d 1486) (4th Cir. 1985) (Trial court need not hold an on the record hearing, away from the jury to determine question of admissibility of co-conspirators out of court statements). *United States v. Hines,* 717 F.2d 1481 (4th Cir.1983) ("This Court ... does not require the *James* hearing.").  Based on *Bourjaily* and the well-settled law in this circuit no hearing is required or necessary.  Accordingly, Wall's motion seeking such a hearing should be denied.

## II.    CONCLUSION

For all of the above reasons, the Government respectfully requests that the Defendant's

pre-trial motions be denied.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Christopher J. Romano
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2020, a copy of the foregoing Response in

Opposition was filed via ECF and served thereby on counsel for the defendant.


By: _____/s/_____
Christopher J. Romano
Assistant United States Attorney