UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff ) | Criminal No. SAG-19-CR-0500 |
| v. ) | |
| JONATHAN WILLIAM WALL, )<br>    Defendant ) | |

REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR PRELIMINARY HEARING
REGARDING STATEMENTS OF CO-CONSPIRATORS

NOW COMES the Defendant, Jonathan William Wall, by counsel, and states as follows:

The Government argued in its Consolidated Response that the "Supreme Court in *Bourjaily v. United States*, 483 U.S. 171 (1987), completely undercut the rationale for requiring a *James* hearing" where it stated, "[T]he Confrontation Clause does not require a court to embark on an independent inquiry into the reliability of statements that satisfy the requirements of Rule 801(d)(2)(E)." *Id.* at 183-184; *see also United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) ("This circuit has rejected the formalistic requirement that there must be a hearing to determine the existence of a conspiracy before statements can be admitted under Rule 801(d)(2)(E).").

The Government's argument is incorrect. It is in reality a straw man argument. The Defendant never argued that a *James* hearing is **required** in the Fourth Circuit; only that it is discretionary, *United States v. Nelson*, 530 F.Supp.2d 719, 728 (D. Md. 2008), and that, based on the evidence available in this case so far, the Court should exercise its discretion and require that the Government submit a proffer of all such evidence.

1

In *Nelson*, former Chief Judge Legg wrote that the Court would "exercise[] its discretion" and "request that the Government submit an abbreviated 'proffer' of the evidence it intends to introduce at trial" regarding co-conspirator statements. *Id*. *Bourjaily* was handed down twenty-one years before *Nelson*, but *Nelson* required the Government to produce a *James* proffer without referencing *Bourjaily*. Accordingly, former Chief Judge Legg's expertise as to when a district court in this Circuit can exercise its discretion to require the Government to produce a *James* proffer outweighs the Government's contentions.

The Government's arguments should be rejected.

WHEREFORE, the Defendant respectfully requests:

A. That the Court schedule a preliminary hearing in which it requires the Government to submit a proffer of the evidence it intends to introduce at trial regarding co-conspirator statements.

B. That, even if the Court chooses not to schedule a preliminary hearing as to this issue, it still require the Government to submit a proffer of the evidence it intends to introduce at trial regarding co-conspirator statements.

Respectfully submitted this 24th day of November, 2020

*s/Jason Flores-Williams, Esq.*
1851 Bassett St., #509
Denver, CO 80202
3035144524
Email: Jfw@jfwlaw.net
*Counsel for Defendant Wall*
PRO HAC VICE

s/J Wyndal Gordon
J. Wyndal Gordon
THE LAW OFFICE OF J. WYNDAL GORDON, P.A.
20 South Charles Street, Suite 400
Baltimore, MD 21201
4103324121
Fax: 14103473144
Email: jwgaattys@aol.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 24th day of November 2020, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

               /s/ Jason Flores-Williams
               Jason Flores-Williams