UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | Criminal No. SAG-19-CR-0500 |
| | ) | |
| V. | ) | |
| | ) | |
| JONATHAN WILLIAM WALL, | ) | |
| Defendant | ) | |

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT
DUE TO PROCEDURAL DEFECT

NOW COMES the Defendant, Jonathan William Wall, by counsel, and states as follows:

Five more States legalized recreational and/or medicinal marijuana while this Motion was being briefed: Arizona, Mississippi, New Jersey, Montana, and South Dakota. The plant is now available to 21 million more Americans than it was prior to November 3rd, 2020, when more than 19 states plus Washington, D.C., had either fully legalized the plant to the point of being a multi-billion dollar economy or taking the first steps toward entering that economy by decriminalizing it so that its possession carries no legal penalties. In short, marijuana is now legally available to more than 100 million Americans or approximately 30 percent of the population. This does not include states where marijuana possession is no longer being prosecuted.

The government holds that it has pled its Indictment with the requisite specificity, but what if the vast majority of Mr. Wall's alleged activities took place in one of those large swaths of the United States where marijuana is legal? The government's allegations at this point are simply that: *allegations*. Nothing has been proven. Mr. Wall, presumed innocent, has had no opportunity to confront the evidence against him.

1

If the "elsewhere" in the Indictment refers to California, where Mr. Wall was living and first confronted by authorities, then the allegations against him, which are solely for marijuana and not for any of the specific allegations against his co-defendants so that their charges cannot be imputed against Mr. Wall—then he may have been acting legally and in compliance with state law and current federal guidelines. The following examples are theoretical based on the government's vague and unproven indictment:

- If Mr. Wall was growing and selling marijuana in California, Nevada, or any of the other states where it is legal (and big business at that), then he has not broken the law. And not breaking the law is a defense, obviously, to an accusation of breaking the law.

- If Mr. Wall was growing marijuana in a state where it is legal, then transporting and selling it in Maryland where its possession is not being prosecuted but where it is illegal—then this accusation only leads to further confusion and an inability to prepare a defense as Mr. Wall needs to know exactly what the activities in Maryland were that allegedly gave rise to these charges being brought in Maryland. Was he growing marijuana in California, and some small percentage ended up in Maryland? If so, then what percentage? Does the Government claim that he was aware of it, i.e. the element of scienter? Where does the Government claim that he was during his alleged participation in this conspiracy? If he was growing marijuana in Maryland, then this radically changes the defense approach and preparation.

- Mr. Wall has never been found or arrested with drugs in violation of the Controlled Substances Act. 21 USC §812. He is charged only with conspiracy, so

  that his alleged participation and actions in furtherance thereof can only be understood—defended against in a way that satisfies his Sixth Amendment constitutional rights—by being informed of where his actions took place in the complex context of current marijuana law in the United States.

- Again, as far as what has been alleged by the government, Mr. Wall could have been living in the Bay Area in California, growing marijuana in a greenhouse as part of a collective that sells a strain that is low in THC and high in CBD and therefore meant for people suffering from arthritis. But somehow, without his knowledge or intent, this medical marijuana was transported to Maryland and provided to people suffering from autoimmune disorders.

- The "elsewhere" in the Indictment creates such vagueness and confusion that it is currently unclear that jurisdiction is appropriate in Maryland. It is an outstanding question that is further complicated by allegations against being inchoate, indirect, and through the agency of others, i.e. conspiracy.

- Another question caused by the lack of specificity in the Indictment is how does the "elsewhere" bear upon the charge of conspiracy given that this is the only charge against Mr. Wall? An alleged conspirator's geographic relationship and location is always a critical component of defending against charges of conspiracy, but when the underlying crime is *legal* in numerous geographic locations, then the question becomes essential.

Mr. Wall cannot prepare a defense to the current Indictment, so respectfully requests that this Court dismiss it in order to comply with the relevant constitutional provisions and concerns

detailed in his Motion. This will not cause prejudice to the Government as if it chooses to do so, it can simply refile as double jeopardy has obviously not attached.

WHEREFORE, the Defendant respectfully requests that the Indictment be dismissed.

Respectfully submitted this 24th day of November 2020,

*s/Jason Flores-Williams, Esq.*
1851 Bassett St., #509
Denver, CO 80202
3035144524
Email: Jfw@jfwlaw.net
*Counsel for Defendant Wall*
PRO HAC VICE

s/J Wyndal Gordon
J. Wyndal Gordon
THE LAW OFFICE OF J. WYNDAL GORDON, P.A.
20 South Charles Street, Suite 400
Baltimore, MD 21201
4103324121
Fax: 14103473144
Email: jwgaattys@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November 2020, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Jason Flores-Williams
Jason Flores-Williams