UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff ) | Criminal No. SAG-19-CR-0500 |
| ) | |
| V. ) | |
| ) | |
| JONATHAN WILLIAM WALL, ) | |
|     Defendant ) | |

## BRIEF IN SUPPORT OF MOTION FOR PRODUCTION OF IDENTITIES AND LOCATIONS OF CONFIDENTIAL INFORMANTS

### NOTICE OF CONFERRAL

Defendant has conferred with the Government. The Government does not object to the late filing due to the Motions Hearing, per Covid-19, being reset two months from December 2nd, 2020, to February 9th, 2021. The Government does, however, object to this Motion itself.

COMES NOW Jonathan Wall, by and through undersigned counsel, and files this motion for the production of the names and locations of the confidential informant(s) in this case.

The indictment charges Mr. Wall with one count of conspiracy to distribute marijuana during a three-year period. The conspiracy allegedly consists of ten young men in their 20's. The discovery and the nature of the charge evidence that confidential informants were utilized in the government's investigation. The government will, directly or derivatively, use evidence obtained from confidential informants at trial, so that Mr. Wall has good cause to ascertain the identities and addresses of the confidential informants not only with regard to his well-established right to prepare a defense, but for purposes of defending against the admission of testimonial hearsay *per Crawford v Washington*. 541 U.S. 36 (2004). *Infra*.

1

## LAW AND ARGUMENT

In *Roviaro v. United States*, 353 U.S. 53, (1957), the Supreme Court set forth a balancing test for determining when disclosure of the identity of confidential informant(s) is required. The law recognizes a privilege held by the government to withhold from disclosure the identity of persons who furnish information of violations of law. See *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The Supreme Court, however, has held that the identity of a confidential informant must be disclosed where the information would be relevant and helpful to the defense of an accused. See *Roviaro*, 353 U.S. at 60-61. The Court has held that whether the identity of a confidential informant should be revealed depends upon the particular circumstances of each case, taking into consideration the crime charged and the possible defenses, the possible relevance and significance of the informant's testimony and other related factors. *See Roviaro*, 353 U.S. at 62.

"In general, the Fourth Circuit Court of Appeals has held that, when a confidential informant is an active participant in an alleged crime, the identity of the informant should be revealed." [Quoting from Order in *U.S. v. Hutson*, Case No. 1:10cr00002-006, (W.D. Va. Mar. 22, 2010)). See *United States v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986); *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973.) Furthermore, the Fourth Circuit has placed the burden of showing the need for disclosure on the defendant. See *United States v. Blevins*, 960 F.2d 1252, 1258-59 (4th Cir. 1992).

Mr. Wall's particularized need for this disclosure outweighs the Government's interest in two primary ways:

- The confidential informant may be the lynchpin of the Government's contention that Mr. Wall was part of the conspiracy. What was his relationship to this alleged

2

conspiracy? Did a confidential informant tell law enforcement about this group and did he include Mr. Wall in that data? Or was it only later that the Government associated Mr. Wall to the alleged conspiracy? If a confidential informant gave an initial description of the alleged organization, and Mr. Wall was not included in that description, then this would not only go toward Mr. Wall's right to prepare a defense and confrontation, but may be exculpatory pursuant to *Brady v. Maryland*, 373, U.S. 83, 1963.

- The confidential informants' relationship with the Government is paramount to Mr. Wall's defense against the conspiracy charges.  As a practical matter, confidential informants are arrested and rather than face prosecution and incarceration elect to provide the Government with information. It is a formal and structured process in which there are often meetings to arrange controlled buys, surveillance, logistics, a continuing chain of prearranged events organized by police and prosecution.

Amongst many incisive decisions by the Honorable Justice Scalia, *Crawford* is in the top tier. It cut through a *Gordian Knot* of case law regarding the out of court, hearsay, declarations often used by prosecutors to obtain convictions.  Justice Scalia divided these out of court statements into two groups: non-testimonial and testimonial. Famously *left for another day*, *Davis v. Indiana* 547 U.S. 813 (2006), does the best job of formulating this distinction, holding that, statements are "non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."

Statements of confidential informants to their handlers providing information about an alleged conspiracy and defendant are more than likely testimonial per *Davis*, so that law enforcement should not be permitted to testify about what the informant told them, even as background or to explain the officer's conduct. See *United States v. McGee*, 529 F.3d 691 (6th Cir. 2008). *Assuming arguendo*, a confidential informant is not a coconspirator, so that if the government is able to establish the alleged conspiracy and avail itself of the wide evidentiary berth that is F.R.E. 801(d)(2)(e), this does not enable the admission of statements made by a CI.[1] If the Government argues that the confidential informants are some species of unindicted co-conspirator, so that 801(d)(2)(e) is the appropriate vector for admission of their statements, recorded or otherwise, then Mr. Wall needs to conduct his own investigation, so that he can make an informed objection, prior to or during trial, with regard to whether the statements are testimonial and must be excluded. *Crawford, Davis*, *Id*.

The evil guarded against here is a conspiracy trial based on self-interested, preplanned—both untested and untestable—evidence in violation of Sixth Amendment procedural and substantive guarantees. This is a nonviolent marijuana case in which much of the evidence against Mr. Wall will derive from statements made to the Government in hopes of escaping or minimizing criminal liability. If a debrief, proffer or information from a confidential informant is what led to this prosecution, then Mr. Wall needs to know the circumstances that informed it, so that he can test the evidence in the manner articulated by Justice Scalia in his landmark memorialization of the Sixth Amendment.

---

[1] See "Defendant's Motion For Preliminary Hearing Regarding Statements of Co-conspirators."

WHEREFORE, the Defendant respectfully requests an order from this Court that the Government produce the following:

1. All confidential informant files;

2. Copy of the agreement between informants and the Government;

3. Names of informants;

4. Their location or contact information;

5. The informant's total criminal history;

6. Any proffer agreements, proffer letters, and/or proffer related writings signed or reviewed by confidential informant(s) who were in any way part of the investigation that produced evidence that is being used to prosecute Mr. Wall; along with description of any and all promises made to them in exchange for their cooperation; any internal memoranda written by law enforcement and/or government attorneys with regard to the confidential informants(s).

Respectfully submitted this 14th day of December, 2020

*s/Jason Flores-Williams, Esq.*
1851 Bassett St., #509
Denver, CO 80202
Phone: 303-514-4524
Email: Jfw@jfwlaw.net
*Counsel for Defendant Wall*

*S/J WYNDAL GORDON*
*J. WYNDAL GORDON*
*THE LAW OFFICE OF J. WYNDAL GORDON, P.A.*
*20 SOUTH CHARLES STREET, SUITE 400 BALTIMORE, MD 21201 14103324121*
*FAX: 14103473144*
*EMAIL: JWGAATTYS@AOL.COM*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date of December 14, 2020, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Jason Flores-Williams
Jason Flores-Williams
