**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | * |
| | *     **Criminal No. SAG-19-0500** |
| **JONATHAN WILLIAM WALL,** | * |
| | * |
| **Defendant.** | * |

...oOo...

**GOVERNMENT'S RESPONSE TO DEFENDANT**
**JONATHAN WALL'S MOTION TO DISCLOSE**
**CONFIDENTIAL INFORMANTS**

Now comes the United States of America, by and through its counsel, Robert K. Hur, United States Attorney for the District of Maryland, and Christopher J. Romano, Assistant United States Attorney for the District of Maryland, and hereby responds to Defendant Jonathan Wall's motion requesting disclosure of confidential informants.

**STATEMENT OF THE CASE**

On October 22, 2019, a federal grand jury charged that from in or about January 2016 and continuing through April 19, 2019, in the District of Maryland and elsewhere, the Defendant (hereinafter "Jonathan William Wall or Wall") along with 10 other individuals, conspired to distribute and possess with the intent to distribute marijuana, a Schedule I controlled substance. ECF No. 1. The indictment alleged that the quantity of marijuana attributable to Wall, as a result of his own conduct and the conduct of his co-conspirators reasonably foreseeable to Wall, was more than 1,000 kilograms, in violation of 21 U.S.C. § 846. *Id.* The investigation conducted by the Harford County Narcotics Task Force resulted in the seizure of hundreds of kilograms of marijuana and the seizure of more than $1.2 million in cash.

Wall has previously filed motions seeking dismissal of the indictment on equal protection

claims, ECF No. 135-1; a motion to dismiss the indictment on what he characterizes as a "procedural defect," ECF No. 136-1; and a motion for a preliminary hearing regarding statements of co-conspirators, ECF No. 137-1. The Government has filed responses in opposition to all those motions. Wall has now filed a motion seeking disclosure of confidential informants. ECF. No. 157.

For the reasons set forth below, that motion as well should be denied.

I.     **ARGUMENT**

**The Court should deny Wall's request to reveal information regarding a non-testifying confidential informant because no basis exists for the request and disclosing the identity of the informant could jeopardize its safety.**

Wall requests that the Government disclose: (1) all confidential informant files; (2) copy of the agreement between informants and the Government;(3) names of informants; (4) their location or contact information; (5) the informant's total criminal history; and (6) any proffer agreements, proffer letters, and/or proffer related writings signed or reviewed by confidential informant(s) who were in any way part of the investigation that produced evidence that is being used to prosecute Mr. Wall; along with description of any and all promises made to them in exchange for their cooperation; any internal memoranda written by law enforcement and/or government attorneys with regard to the confidential informants(s).

Disclosure of the informant and the information sought is not required, and the Court should deny the motion.

In *United States v. Roviaro*, the Supreme Court held that, under certain circumstances, the Government can withhold from disclosure the identity of confidential informants in order to further the public's interest in effective law enforcement. *Roviaro*, 353 U.S. 53, 59 (1957). According to the Court, "the privilege recognizes the obligation of citizens to communicate their knowledge

of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59.  Similarly, the Fourth Circuit has explained that law enforcement often must rely on informants, especially in narcotics trafficking offenses. If the courts required the routine disclosure of informants, "…such sources of information would disappear almost immediately." *McLawhorn v. North Carolina*, 484 F.2d 1, 4 (4th Cir. 1973).

To require the Government to disclose informant information, Wall must come forward with something more than speculation as to the usefulness of such disclosure. *See United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985).  Indeed, disclosure is only required after a court has determined that the informer's testimony is highly relevant.  *Id*.  One of the most important factors to be considered is the materiality of the evidence to Wall's particular defense.  *Id.*  In making this determination, the Fourth Circuit has drawn a distinction between informants who are "participants" in a criminal transaction, and those who are "mere tipsters."  *United States v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986).  Where the informant is an actual participant in the crime charged, particularly where the informant helped to initiate the criminal act, disclosure may be required.  *See Roviaro*, 353 U.S. at 64-65 (disclosure required where the informant set up the drug purchase later charged and was the sole witness to its execution); *Price*, 732 F.2d at 1139 (disclosure required where the informant set up and participated in negotiations for the illicit sale of a truckload of meat which formed the basis of the charge against the defendant); *McLawhorn*, 484 F.2d at 6-8 (disclosure required where the informant set up and participated in the drug transaction for which the defendant was later charged).

Disclosure is not required when the informant "is neither a participant in the offenses, nor helps set up its commission, but is a mere tipster who only supplies a lead" to law enforcement officers.  *Id.*; *see also United States v. Mabry*, 953 F.2d 127, 131-132 (4th Cir. 1992) (disclosure

3

not required where the informant introduced the defendant to undercover law enforcement officers but did not witness the drug transaction later charged).  Where an informant merely provides information that furnishes leads or probable cause for a search and seizure affidavit and warrant, disclosure is not required.  *See United States v. Gray*, 47 F.3d 1359, 1365 (4th Cir. 1995) (disclosure not required where the informant provided information used to establish probable cause for a search warrant).  In such cases, the identity of a tipster is not essential in preparing the defense of the accused and, therefore, the public interest in protecting informants weighs heavily in favor of nondisclosure.  *Price*, 783 F.2d at 1138.  As Wall concedes, the burden is on Wall to show the need for disclosure.  Wall's memo at 2.  *See also*, *United States v. Blevins*, 960 F. 2d 1252, 1258-59 (4th Cir. 1992).  Not only has Wall offered any facts or evidence to support disclosure, but has failed to articulate how disclosure of the information he seeks is relevant to his defense.[1]

Wall, also in his motion, argues disclosure of informant information is necessary to defend against the admission of testimonial hearsay in violation of *Crawford v. Washington*, 541 U.S. 46 (2004).  Wall's memo at 1.  The short answer to this argument is the Government does not intend to offer any such testimony.  In this case there may be some cooperating co-conspirators who might testify during the trial, should a trial become necessary.  They are not, however, confidential informants and with respect to those witnesses, the defense will receive appropriate information about those witnesses as required by the Jencks Act, and *Giglio*.

There is no connection between the confidential informant and Wall, as opposed to cooperating co-defendants.  The confidential informant did not deal directly with Wall or

---

[1] It should also be noted to the extent that Wall's defense is to offer evidence or argument inconsistent with the proffer in which Wall, while represented by counsel participated, the Government is prepared to offer Wall's proffer statements to rebut any defense claims made that he did not participate in the conspiracy.

participate in any illicit transaction with Wall. Rather, the confidential informant merely provided information that led to identification of other members of the conspiracy. As such, the confidential informant is at best a mere tipster.

Finally, as to Wall's motion which seeks information about a non-trial witnesses on the theory that such disclosure *may* yield useful defense information, the *Roviaro* case law does not require, and in fact militates against, disclosure of those identities. Where an informant simply provided information that established probable cause for further law enforcement steps and if the Government does not intend to present evidence of such transactions concerning the informant (and the Government will not do so here), the Court should preclude disclosure of the informant's identity. Disclosure concerning such informants would be unnecessary because the Government is not presenting any associated transactions as evidence, and it would expose the informant to potential risk of harm or harassment. The interests against disclosure include the obvious risk of harassment and harm that any disclosed informant would face if unnecessary disclosure is required.

## II.   CONCLUSION

For all of the above reasons, the Government respectfully requests that Wall's motion be denied.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Christopher J. Romano
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December __28__, 2020, a copy of the foregoing Response

in Opposition was filed via ECF and served thereby on counsel for the Defendant.


By: ____/s/_____
Christopher J. Romano
Assistant United States Attorney