**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| **v.** * | |
| * | **CRIM. NO. SAG-19-0500** |
| **JONATHAN WILLIAM WALL,** * | |
| * | |
| * | |
| **Defendant** * | |

...oOo...

**GOVERNMENT'S RESPONSE TO MOTION FOR DISCLOSURE OF TRANSACTIONS**

The United States of America, by and through its attorneys, Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland; Christopher J. Romano, and Jeffrey M. Hann, Special Assistant United States Attorneys for said District, respectfully submits this Response to the Defendant's Motion To Require United States To State Which Transactions It Intends To Prove At Trial For The Purpose of Aggregation Under The Sentencing Guidelines, and its supporting memorandum (ECF No. 176).

**STATEMENT OF THE CASE**

On October 22, 2019, a federal grand jury charged that from in or about January 2016 and continuing through April 19, 2019, in the District of Maryland and elsewhere, the Defendant (hereinafter "Jonathan William Wall or Wall") along with 10 other individuals, conspired to distribute and possess with the intent to distribute marijuana, a Schedule I controlled substance. ECF No. 1. The indictment alleged that the quantity of marijuana attributable to Wall, as a result of his own conduct and the conduct of his co-conspirators reasonably foreseeable to Wall, was more than 1,000 kilograms, in violation of 21 U.S.C. § 846. *Id.* The investigation conducted by the Harford County Narcotics Task Force resulted in

1

the seizure of hundreds of kilograms of marijuana and the seizure of more than $1.2 million in cash.

Wall has previously filed motions seeking dismissal of the indictment on equal protection claims, ECF No. 135-1; a motion to dismiss the indictment on what he characterizes as a "procedural defect," ECF No. 136-1; a motion for a preliminary hearing regarding statements of co-conspirators, ECF No. 137-1; and a motion seeking disclosure of confidential informants. ECF. No. 157. The Government has filed responses in opposition to all those motions. Wall has now filed the instant motion seeking the Court to order the Government to provide information about drug transactions. ECF. No. 176.

For the reasons set forth below, this motion should be denied as well.

I. **ARGUMENT**

Pursuant to *Apprendi* and its progeny, where a fact such as drug quantity can increase the statutory maximum penalty applicable to a defendant, it must be submitted to the jury for proof beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 570 U.S. 99 (2013). Because the Government intends to do so in this case, and pursuant to Department of Justice Policy, the indictment alleged, and the Government will seek to prove, the quantity reasonably foreseeable to Wall, based on his role in the conspiracy, is 1000 kilograms of marijuana. As discussed in response to the Defendant's other motions, the conspiracy count of the indictment also gives Wall notice of the date range the Government alleges the conspiracy operated, and names 10 specific individuals who were part of that conspiracy. Further, the Government has produced discovery in this case which describes the investigations of the agents and the seizures that have been made of both drugs and drug proceeds. In other words, Wall has ample notice of what the Government intends to prove

beyond a reasonable doubt at trial in this case, and the nature of the evidence it will present. In his motion however, Wall asks for an even more detailed preview of the Government's trial strategy in the form of a "list of transactions." He further argues , without any basis, that he expects the Government will allege facts outside of the conspiracy to establish drug quantities at sentencing. Though not stated expressly, the implication is an intention is to use the disclosure of transactions that he seeks, not to prepare for trial, but rather to limit or restrict the evidence which the Government will present. He is entitled to neither, and the Court should deny his request.

In practical effect Wall is requesting that the Government provide a Bill of Particulars[1]. He seeks to have this Court require the Government to list transactions it intends to use to prove drug quantity, in effect treating these transactions as if they are overt acts of the conspiracy. Wall's only proffered support for his position is in *United States v. Cervantes*, 2015 WL 4624067 (N.D. Cal. July 31, 2015). At the outset the Government will note that this out of district pre-trial motions opinion has no precedential weight in this District. In any event, a review of the opinion makes clear that the *Cervantes* court is responding to a request for a bill of particulars under unique factual circumstances of a broad multi-defendant RICO indictment. In that context, the court required the Government to produce "sufficient information to identify the transactions" in the relevant count, which apparently alleged that particular deliveries of drugs were made by that defendant totaling more than 500 grams of Methamphetamine. *Id* at 11. The court however also stated, as Wall concedes, that "the government is not required in conspiracy cases to 'disclose even all the overt acts in furtherance of the conspiracy,' and

---

[1] While the Defendant's motion does not use the term "bill of particulars," the relief he seeks is the functional equivalent, and appears to be an attempt to avoid the requirements of Fed. R. Crim. P.7(f) that a request for a bill of particulars is not timely made if more than 14 days have elapsed since arraignment.

certainly not the "'when where and how' of every act in furtherance of the conspiracy[.]'" *Id* at 11, *citing United States v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1979).  Wall, in contrast, seeks a *de facto* bill of particulars which treats a list of transactions attributable to Wall as if they are the sole overt acts of conspiracy which may be presented to the jury, and the only evidence which can show a forseeble quantity of drugs attributable to him.  In other words, he's seeking what the *Cervantes* Court acknowledged the Government need not produce.  Rather, that court only required that the Defendant have information and notice sufficient clarify an apparently ambiguous series of transactions at issue in that particular case.  In this case, the Government has already provided the equivalent notice though both its indictment and substantial discovery.

As discussed above, the Defendant is not entitled to a bill of particulars, whether so named or not.  It is well-settled law that defendants are not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). "A bill of particulars is a defendant's means of obtaining specific information about charges brought in a vague or broadly-worded indictment." *United States v. Dunnigan*, 944 F.2d 178, 181 (4th Cir. 1991), citing *United States v. Debrow*, 346 U.S. 374, 378 (1953), rev'd on other grounds, 507 U.S. 87 (1993).  As a general matter, an indictment is sufficient if it alleges the essential elements of the crime with which a defendant is charged in a manner that permits the defendant to prepare a defense and plead double jeopardy in any future prosecution for the same offense. *Hamling v. United States*, 418 U.S. 94, 117 (1974); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988); *American Waste Fibers Co.*, 809 F.2d at 1046. As long as the indictment fulfills these purposes, a bill of particulars is unnecessary and its denial does not constitute an abuse of discretion. *United States v. Butler*, 885 F.2d 195, 199 (4th Cir. 1989); *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir.1985).  If

an indictment is deficient, the "purpose of a bill of particulars is to enable the defendant to obtain sufficient information on the nature of the charges against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). Accord, *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969). But if, as here, the indictment fully complies with the requirements of the Fifth and Sixth Amendments and Fed. R. Crim. P. 7(c), "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Lab., Inc*., 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir.1996). As another circuit has stated:

> A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation . . . . Rather, it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his own investigation.

*United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted; emphasis in original); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968) ("[a]cquisition of evidentiary detail is not the function of the bill of particulars"); *United States v. Fischbach and Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983) ("[i]t is well established that a bill of particulars is not to be used by the defendant as a discovery tool, . . . by which defendants obtain disclosure of every detail of the theory and preparation of the government's case . . . ."), *aff'd,* 750 F.2d 1183 (3d Cir. 1984).

A bill of particulars is even more inappropriate when the Government supplements an indictment with extensive discovery as has been done in this case. The discovery provided

details arrests and seizures of money and drugs from the Defendant and his co-conspirators at various points thoughout the period of the conspiracy here.   In summary, the Government intends to present evidence that the Defendant was the supplier of marijuana for a cadre of coconspirators here in Maryland, who are named expressly (if not exhaustively) in the indictment.  As discussed in other motions responses, the Defendant traveled between California and Maryland and the evidence will show that he was responsible for a pattern of ongoing interstate deliveries of narcotics.   The Government need not prove a specific set of such deliveries in order to establish the drug quantity involved, however.   In this case various deliveries were in fact intercepted and stashes of marijuana and money were recovered at the homes of conspirators working with, or for, the Defendant.   Further, the discovery identifies "owe sheets" or "tally sheets" seized from coconspirator's homes and a stash location.  With the help of witness testimony, these drug ledgers will allow the Court or jury to extrapolate the quantities of marijuana being sold by members of the conspiracy on the Defendant's behalf during the conspiracy.  The discovery also details seizures of cash from the Defendant and others.   In presenting evidence to establish drug quantity, the drug equivalent of cash seized is also proper evidence.  *See*, *e.g.*, *United States v. McGee,* 736 F.3d 263, 271-72 (4th Cir. 2013); *United States v. Kiulin,* 360 F.3d 456, 461-62 (4th Cir. 2004); *and United States v. Hicks*, 948 F.2d 877, 882 (4th Cir. 1991).  In addition to the pretrial discovery, the Government intends to provide information about anticipated witnesses as trial nears and will provide further *Jencks* and *Giglio* disclosures in advance of trial which will further prepare the Defendant.  As the Fourth Circuit held in *United States v. SIGMA*, 624 F.2d 461, 466 (4th Cir. 1979), such "extensive disclosure by the Government" renders a bill of particulars inappropriate.

As discussed above, Wall asserts in his motion that he also needs the *de facto* bill of particulars on transactions because he expects the Government to produce evidence beyond the scope of the indictment for sentencing purposes.  This is frankly premature.  The discovery and indictment provide the defendant ample information to prepare for trial, and for sentencing. While is it true that the standard of proof may allow the Court to consider a more broad set of evidence to determine quantity at sentencing, the nature of that evidence and any disputes about the applicable quantity will be made clear by the trial itself and in any sentencing memoranda to be filed in advance of sentencing.

WHEREFORE the Government requests that the Defendant's Motion To Require United States To State Which Transactions It Intends To Prove At Trial For The Purpose of Aggregation Under The Sentencing Guidelines be DENIED.

Respectfully Submitted,

Jonathan F. Lenzner
Acting United State's Attorney

By:_____/s/_____
    Jeffrey M. Hann
    Christopher J. Romano
    Special Assistant United States Attorneys
    United States Attorney's Office
    36th South Charles Street, 4th Floor
    Baltimore, MD 21202
    (410) 209-4800 (telephone)
    (410) 962-0717 (facsimile)
    Jeffrey.Hann@usdoj.gov
    Christopher.Romano@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 9, 2021, a copy of the foregoing Response in

Opposition was filed via ECF and served thereby on counsel for the defendant.

By: _____/s/_____
      Jeffrey M. Hann
      Christopher J. Romano
      Special Assistant United States Attorneys