IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-19-0500 |
| | * | |
| JONATHAN WILLIAM WALL | * | |
| | * | |
| | * | |
| | ****** | |

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
### EVIDENCE AND ARGUMENT CONCERNING
### THE WAY OTHER JURISDICTIONS REGULATE MARIJUANA

The United States of America, through its undersigned attorneys, respectfully moves in *limine* for an order precluding the Defense from asking questions, presenting evidence, or making arguments regarding the way the law in other jurisdictions treats marijuana. Marijuana is a Schedule I controlled substance and under federal law, it is crime to conspire with others to distribute or possess with the intent to distribute marijuana. The fact that other jurisdictions have legalized marijuana, decriminalized marijuana, are considering decriminalization of certain quantities of marijuana, or have declined to prosecute individuals for crimes involving marijuana, is not relevant to the issues at this trial. Moreover, the probative value of this sort of evidence is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury. For the reasons described below, the Court should preclude the Defense from asking questions, presenting evidence, or making arguments in opening or closing concerning the treatment of marijuana by other jurisdictions.

### BACKGROUND

This trial is about a drug conspiracy in which the Defendant, Jonathan William Wall, and others agreed to distribute and possess with the intent to distribute thousands of pounds of marijuana in Maryland. The anticipated evidence at trial will include testimony concerning the

1

Defendant arranging numerous shipments of marijuana from the West Coast to Maryland using false compartments in vehicle trailers, a commercial freight company, or other methods to transport the marijuana. These shipments consisted of hundreds of pounds of marijuana at a time. Once the marijuana arrived in Maryland, the Defendant's co-conspirators took the marijuana to a warehouse, loaded it into U-Haul vans, and drove it to a stash location in Baltimore for storage. The marijuana was then redistributed to other marijuana dealers in Maryland for resale. The evidence at trial is also expected to show that the Defendant was paid hundreds of thousands of dollars in cash for the marijuana that he shipped to Maryland for distribution. In fact, the evidence at trial is expected to show that more than $800,000 in cash was seized from one of the Defendant's co-conspirators and that this money was supposed to be paid to the Defendant for an earlier shipment of marijuana.

As explained below, the Court should prelude questions, evidence, and argument concerning the way the law in other jurisdictions treats marijuana.

## **ARGUMENT**

Pursuant to Federal Rule of Evidence 402, relevant evidence is admissible and irrelevant evidence is not admissible. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, any theory surrounding the legalization or decriminalization of marijuana, or the fact that other jurisdictions have declined to prosecute individuals for crimes involving marijuana, is not relevant to the issues in this trial.

To be sure, the federal government regulates marijuana differently than some other jurisdictions. Under federal law, it is illegal to distribute or possess with the intent to distribute marijuana or to conspire to do so. See 21 U.S.C. §§ 841, 846. In some states, marijuana has been legalized for medical use. In others, it is legal to use marijuana recreationally. Other states have

not gone quite as far, but they have decided to decriminalize the possession of certain quantities of marijuana. And in some jurisdictions, crimes involving marijuana are not being actively prosecuted.

The way in which other jurisdictions have decided to regulate marijuana or prosecute marijuana offenses does not have any tendency to make a fact of consequence in this trial more or less probable. Accordingly, evidence and argument of this sort is not relevant and should be excluded from this trial.

Even if there is a relevance theory for this kind of evidence, it should nevertheless be excluded under Rule 403. Relevant evidence is subject to exclusion under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury, among other things. See Fed. R. Evid. 403. It is undisputed that entering into a conspiracy to distribute or possess with the intent to marijuana is illegal under federal law. Indeed, the government anticipates that the Court will instruct the jury as such. Therefore, there is no probative value to evidence concerning the manner in which other jurisdictions regulate marijuana. Injecting into this trial any evidence or argument that tends to contradict the undisputed status of federal law creates the risk of unfair prejudice and will tend to confuse the issues and mislead the jury. The probative value of this evidence is substantially outweighed by these dangers and should be excluded.

The only reason for a defendant to attempt to elicit this sort of evidence or make this kind of argument in a trial involving the distribution of marijuana would be to make an implicit suggestion for jury nullification. "Jury nullification occurs when the jury chooses to reject evidence or ignore law, thereby excusing a defendant's conduct 'because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by

law is contrary to the jury's sense of justice, morality, or fairness.'" United States v. Jones, 15-CR-324-F-1, 2016 WL 5818534, at *4 (E.D.N.C. Oct. 4, 2016) (quoting Black's Law Dictionary (10th ed. 2014)).  It is well-settled that arguments for jury nullification, or arguments suggesting that the jury should refuse to apply the law, must not be made.  See United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996) ("Although a jury is entitled to acquit on any ground, a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e. a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power."); United States v. Drefke, 707 F.3d 978, 982 (8th Cir. 1983) ("Since the Supreme Court's decision in Sparf and Hanson v. United States, 156 U.S. 51 (1895), federal courts have uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed."); United States v. Roof, No. 15-472-RMG, 2016 WL 8678863, at *1 (D.S.C. Oct. 14, 2016), aff'd, 10 F.4th 314 (4th Cir. 2021) (explaining that "the district court should exclude arguments that endorse jury nullification of federal law by arguing against the death penalty in general"); United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

Accordingly, the Court should preclude the Defense from asking questions, presenting evidence, or making arguments concerning the treatment of marijuana by other jurisdictions.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant this Motion in *Limine*.

4

Respectfully submitted,

Erek. L. Barron
United States Attorney

_____/s/_____
Christopher J. Romano
Special Assistant United States Attorney

Anatoly Smolkin
Assistant United States Attorney

5