IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. SAG-19-0500 |
| JONATHAN WILLIAM WALL | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 22, 2019, a grand jury returned an indictment against Jonathan William Wall and others for violating 21 U.S.C. §§ 846 and 841(a)(1) (conspiracy to possess with intent to distribute marijuana). ECF 1. This matter is set to begin trial on Monday, May 2, 2022. Currently pending is the Government's motion in limine to preclude evidence and argument concerning the way other jurisdictions regulate marijuana.[1] ECF 216. This Court held a pretrial conference on Tuesday, April 26, 2022, during which Mr. Wall indicated his opposition to the Government's motion to the extent it seeks to preclude him from arguing that California's marijuana laws are much less restrictive than the federal Government's. According to Mr. Wall, he was living in California at the time of the conspiracy, and, in his view, Mr. Wall's apparent familiarity with California marijuana laws relates to his knowledge of whether marijuana is a controlled substance under federal law. Because Mr. Wall's beliefs about the legality or illegality of marijuana under California law is irrelevant to the elements the Government must prove in this case, the

---

[1] This Court notes its displeasure with the Government's disregard for this Court's scheduling order which required motions in limine to be filed on or before March 31, 2022, along with the joint voir dire, proposed verdict sheet, and proposed jury instructions. ECF 206. Instead, the Government waited until April 21, 2022, three weeks after its deadline, to file its motion in limine. This Court is considering the motion, however, because it would have excluded the argument at issue whether a motion in limine had been filed or not.

1

Government's motion will be granted, and he will be precluded from introducing any evidence related to any non-federal jurisdiction's marijuana laws.

**I.    LEGAL STANDARD**

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cty., Maryland*, No. CV ELH-17-804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018) (unpublished) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). Typically, pretrial motions in limine seek to exclude prejudicial evidence before it is offered at trial. *Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). These motions help to streamline a case by allowing the Court to avoid "lengthy argument at, or interruption of, the trial." *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *see also Changzhou Kaidi*, 102 F. Supp. 3d at 745 ("[Motions in limine] are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013))). Motions in limine further promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996); *see* Fed. R. Evid. 103(a); *cf.* Fed. R. Evid. 103(a) advisory committee's note to 2000 amendment (acknowledging that Rule 103(a) "applies to all rulings on evidence . . . including so-called '*in limine*' rulings").

Generally, courts should grant a motion in limine "only when the evidence is clearly inadmissible on all potential grounds." *Dorman v. Anne Arundel Med. Ctr.*, No. MJG-15-1102, 2018 WL 2431859, at *1 (D. Md. May 30, 2018) (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673,

681 (E.D. Va. 2017)).  Ultimately, rulings on these motions fall within the Court's "broad discretion." *Kauffman v. Park Place Hospitality Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012); *see also United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (noting that evidentiary rulings fall within a trial court's discretion).

## II.     ANALYSIS

The Government argues that "[t]he way in which other jurisdictions have decided to regulate marijuana or prosecute marijuana offenses does not have any tendency to make a fact of consequence in this trial more or less probable."  ECF 216 at 3.  Accordingly, the Government argues that any such evidence should be excluded as irrelevant under Federal Rule of Evidence 401.  *Id.*  In the alternative, the Government argues that even if the evidence is relevant, it should be excluded under Federal Rule of Evidence 403 because its introduction would be unduly prejudicial to the Government and invite jury nullification.  *Id.*  In response, Mr. Wall argues that the Government must prove that he specifically knew that marijuana was on the federal controlled substances schedule and, thus, illegal under federal law.  This Court agrees with the Government that Mr. Wall overstates the knowledge requirement necessary to prove that Mr. Wall conspired with others to violate 21 U.S.C. § 841(a)(1).

"To prove conspiracy to possess [controlled substances] with intent to distribute, the Government must establish that: (1) an agreement to possess [controlled substances] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996).  However, "[b]ecause § 846 looks to an underlying offense, the mens rea of § 846 is derived from that of the underlying offense, in this case § 841(a)." *United States v. Ali*, 735 F.3d 176, 186 (4th Cir. 2013).

3

Section 841(a)(1) makes it unlawful for a person "knowingly or intentionally to . . . distribute . . . a controlled substance." Mr. Wall argues that this section requires the Government to prove that Mr. Wall specifically knew that marijuana was on the federal controlled substances list. This argument, however, has been rejected by the Supreme Court, and also by the Fourth Circuit in a nearly identical case.

The principal case on which Mr. Wall relies—*McFadden v. United States*—supports the *Government*'s position, not Mr. Wall's. 576 U.S. 186 (2015). There, the Supreme Court explained:

> The knowledge requirement may also be met by showing that the defendant knew the identity of the substance he possessed. Take, for example, a defendant who knows he is distributing heroin but does not know that heroin is listed on the schedules, 21 C.F.R. § 1308.11 (2014). Because ignorance of the law is typically no defense to criminal prosecution, *Bryan v. United States*, 524 U.S. 184, 196, 118 S. Ct. 1939, 141 L. Ed. 2d 197 (1998), this defendant would also be guilty of knowingly distributing "a controlled substance."

*Id.* at 192. In a footnote, the Court continued:

> The Courts of Appeals have held that, as with most *mens rea* requirements, the Government can prove the requisite mental state through either direct evidence or circumstantial evidence. Direct evidence could include, for example, past arrests that put a defendant on notice of the controlled status of a substance. *United States v. Abdulle,* 564 F.3d 119, 127 (C.A.2 2009). Circumstantial evidence could include, for example, a defendant's concealment of his activities, evasive behavior with respect to law enforcement, knowledge that a particular substance produces a "high" similar to that produced by controlled substances, and knowledge that a particular substance is subject to seizure at customs. *United States v. Ali*, 735 F.3d 176, 188–189 (C.A.4 2013).

*Id.* at 192 n.1. Thus, the *McFadden* case strongly supports the Government's position and strongly undermines Mr. Wall's.[2]

---

[2] Mr. Wall relies on two other cases, neither of which support his argument. First, in *Staples v. United States*, 511 U.S. 600 (1994), the petitioner had been convicted of possessing an unregistered machine gun in violation of the National Firearms Act. The statutory language was silent on the requisite level of *mens rea*, but the Supreme Court ultimately held that "the Government should

4

This Court notes, however, that the *McFadden* case involved a well-reasoned concurrence by Chief Justice Roberts, in which he argued that the majority's analysis of the knowledge requirement under § 841(a)(1) was incorrect and should be disregarded by lower courts as dicta since it was not critical to the Court's ultimate conclusion on the question before it. *See id.* at 198-99 (Roberts, C.J. concurring in part and concurring in the judgment). Dicta or not, though, the Fourth Circuit recently reached the majority's conclusion in a case (albeit unpublished) with facts that are, in all relevant respects, indistinguishable from those at issue here. In *United States v. Haymon*, No. 20-4438, 2021 WL 4495813 (4th Cir. Oct. 1, 2021), the defendant was convicted of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a), 846. On appeal, Mr. Haymon challenged the district court's exclusion of evidence of California's more relaxed marijuana laws. The Fourth Circuit rejected

---

have been required to prove that petitioner knew of the features of his AR-15 that brought it within the scope of the Act[,]" like, for example, that the gun was capable of firing automatically. *Id.* at 619. This case is inapposite because, unlike the National Firearms Act, § 841(a)(1) of the Controlled Substances Act supplies a *mens rea* requirement. Regardless, it is far from clear to this Court how the *Staples* opinion would support Mr. Wall's argument. The Court's holding in *Staples* that the statute required proof that the defendant knew the *features* of the gun that made it illegal does not appear to require the defendant's actual knowledge that the gun was, in fact, illegal under the National Firearms Act. In fact, the holding in *Staples* seems very similar to the holding in *McFadden* that the Government can meet its burden to show the defendant's knowledge under the Controlled Substances Act through circumstantial evidence that the defendant was aware of the *features* of a drug that make it illegal, like "knowledge that a particular substance produces a 'high' similar to that produced by controlled substances, and the knowledge that a particular substance is subject to seizure at customs." *McFadden*, 576 U.S. at 192 n.1. Second, in *Elonis v. United States*, 575 U.S. 723 (2015), like in *Staples*, the statute at issue did not contain a *mens rea* requirement. *Id.* at 733. As in *McFadden*, though, the Court explained that a defendant need not "know that his conduct is illegal before he may be found guilty." *Id.* at 734. Quoting *Staples*, the Court explained that "a defendant generally must 'know the facts that make his conduct fit the definition of the offense,' [*Staples*, 511 U.S. at 608 n.3] *even if he does not know that those facts give rise to a crime*." *Id.* at 735 (emphasis added). Accordingly, the Supreme Court held that the district court had erroneously instructed the jury that "the Government need prove only that a reasonable person would regard Elonis's communications as threats[,]" because such an instruction imposed a mere negligence standard. *Id.* at 740. Again, though, this case does not support Mr. Wall's contention that the Government must prove that he knew his conduct violated federal law.

5

that challenge and held that the district court had not abused its discretion by excluding evidence of California law. It explained: "[t]he fact that a state decriminalized possession of marijuana does not provide a defense to a charged violation of federal drug laws." *Haymon*, 2021 WL 4495813, at *1. Moreover, Mr. Haymon argued that, "because his possession of marijuana was lawful in California, he lacked the requisite intent to violate federal law and the district court's refusal to admit evidence of California law deprived him of the opportunity to present his defense of mistake of law or fact." *Haymon*, 2021 WL 4495813, at *1. The Fourth Circuit also rejected this argument. It held that, "[c]ontrary to Haymon's arguments, the Government did not need to prove that Haymon intended to commit a crime or that he knew that his conduct was illegal." *Id.* (citing *Ali*, 735 F.3d at 186 (holding that the *mens rea* of § 841(a) only "requires specific intent to distribute a controlled substance or to possess with intent to distribute a controlled substance")). Finally, the Fourth Circuit found that "Haymon's contention that his possession of marijuana was lawful under California law, and therefore he lacked the specific intent to violate 21 U.S.C. § 841(a), is not a defense to a charge under the Controlled Substances Act." *Id.* at *2 (citing *Ali*, 735 F.3d at 186 (holding that prosecutor need not prove that a defendant intended to violate the law in order to obtain a conviction under the Controlled Substances Act)).

The *Haymon* case, while technically not binding on this Court given its unpublished status, is well-reasoned and extremely persuasive, since it involved the exact questions at issue here. As the Fourth Circuit found in that case, no other state's laws—California included—are relevant to either the elements necessary to prove a violation of 21 U.S.C. § 846 or the *mens rea* requirement

6

under § 841(a)(1). Accordingly, the Government's motion will be granted, and Mr. Wall will be prohibited from introducing evidence of, or making any reference to, any other jurisdiction's laws.[3]

### III.   CONCLUSION

For the foregoing reasons, the Government's motion in limine, ECF 216, will be GRANTED. A separate order follows.

Dated: April 28, 2022

/s/
Stephanie A. Gallagher
United States District Judge

---

[3] While this Court need not reach the question whether such evidence should be prohibited under Federal Rule of Evidence 403, this Court notes that other courts have found in similar cases that such evidence is not only irrelevant but that it could invite jury nullification. *See, e.g.*, *United States v. Jenkins*, No. 1:14-cr-72, 2014 WL 12676280, at *6 (W.D. Mich. Aug. 20, 2014) (granting motion in limine to exclude *inter alia* evidence of "a defendant's mistake about the law" because "[a] jury may not substitute its views for the law as stated by the judge, and a federal criminal trial is not an appropriate forum for a policy debate about federal criminal drug laws.") (internal citations omitted). Similarly, while this Court has decided this motion in limine on relevance grounds, it also agrees with the Government's argument that any reference to more relaxed marijuana laws in other jurisdictions could invite jury nullification. *See id.* More generally, as this Court explained during the pretrial conference, it will exclude any evidence or argument on any topic that is irrelevant and may invite jury nullification. A non-exhaustive list of such topics includes: (1) the medicinal utility of marijuana, *id.*; *United States v. Duval*, 865 F. Supp. 2d 803, 809 (E.D. Mich. 2012); *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008); (2) any policy issues or debates about the legality of marijuana or the enforcement of marijuana laws, *Jenkins*, 2014 WL 12676280, at *6; *Duval*, 865 F. Supp. 2d at 806; *Scarmazzo*, 554 F. Supp. 2d at 1108; *United States v. Apicelli*, No. 14-cr-012-01-JD, 2015 WL 3398139, at *1 (D.N.H. May 26, 2015); (3) whether federal marijuana laws will change in the future, *United States v. Walsh*, 654 F. App'x 689, 697 (6th Cir. 2016); (4) the Defendant's point of view about drug use, *Apicelli*, 2015 WL 3398139, at *1; (5) the Defendant's medical or humanitarian motive for allegedly distributing marijuana, *Duval*, 865 F. Supp. 2d at 809; (6) the Defendant's subjective beliefs about the positive or negative uses of marijuana, its purposes, and its effects, *Scarmazzo*, 554 F. Supp. 2d at 1108. Arguments or evidence relating to the equal protection challenge already rejected by this Court, such as references to wealthy or celebrity individuals engaged in the marijuana industry, will also be excluded.