**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Anatoly Smolkin*
*Assistant United States Attorney*
*Anatoly.Smolkin@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4876*
*MAIN: 410-209-4800*
*FAX: 410-962-2310*

October 25, 2022

Shari Silver Derrow
Assistant Federal Public Defender
100 S. Charles Street, Tower II, Ninth Floor
Baltimore, MD 21201

Re:   **United States v. Jonathan William Wall**, Criminal No. SAG-19-0500

Dear Counsel:

This post-verdict sentencing agreement (this "Agreement") that has been offered to your client, Jonathan William Wall (hereinafter "defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the defendant accepts this offer, please have the defendant execute it in the spaces provided below. The terms of the Agreement are as follows:

### Offense of Conviction

1. On May 6, 2022, after a jury trial in the United States District Court for the District of Maryland, the defendant was found guilty as to Count One of the Indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. The jury determined that 1,000 kilograms or more of marijuana was involved in the offense.

2. Subject to certain exceptions, the defendant's conviction carries a maximum sentence of life imprisonment and a statutory minimum sentence of 10 years' imprisonment. It also carries a possible fine of up to $10,000,000, supervised release of between 5 years to life, and a $100 special assessment.

### Defendant's Agreement to Withdraw the Motion to Vacate Judgment

3. On May 8, 2022, the defendant's former trial counsel filed a motion to withdraw his appearance from this case. ECF No. 232. On May 19, 2022, the Court granted trial counsel's motion to withdraw and appointed the Office of the Federal Public Defender to represent the defendant. ECF Nos. 247, 249. Since then, the defendant has been represented by the Office of the Federal Public Defender and AFPD Shari Silver Derrow.

4. On September 30, 2022, the defendant's counsel filed a sealed Motion to Vacate Judgment Pursuant to Federal Rule of Criminal Procedure 33 (the "Motion to Vacate"), docketed at ECF No. 287.

USDC - BALTIMORE
'22 OCT 28 AM 9:54

5. In exchange for the concessions made by this Office in this Agreement, at the time of sentencing, the defendant shall withdraw, with prejudice, his Motion to Vacate. The defendant agrees that he will not raise or attempt to raise any of the issues, claims, or arguments set forth in the Motion to Vacate in any other proceeding before any other court in which the United States is a party. The defendant agrees that his withdrawal of the Motion to Vacate shall have preclusive effect as to any issues, claims, or arguments that were raised in the Motion to Vacate in any proceeding in which the United State is a party.

### Advisory Sentencing Guidelines Apply

6. The defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Advisory Guidelines Stipulation

7. **Base Offense Level.** This Office and the defendant agree that the applicable **base offense level is 30** pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(5) to account for a controlled substance quantity of at least 1,000 kilograms but less than 3,000 kilograms of marijuana.

8. **Safety Valve.** This Office and the defendant also agree that the defendant's offense level should be **decreased** by an additional **two levels** pursuant to U.S.S.G. § 2D1.1(b)(18) because the defendant meets the criteria under U.S.S.G. § 5C1.2 (the "safety valve"), and that the defendant is eligible for a sentence below the statutory minimum because he meets the criteria set forth in 18 U.S.C. § 3553(f). The parties stipulate and agree that the defendant is eligible for sentencing reductions under U.S.S.G. § 2D1.1(b)(18), U.S.S.G. § 5C1.2, and 18 U.S.C. § 3553(f).

9. The parties agree that any possible reductions under U.S.S.G. § 3E1.1 do not apply.

10. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures, or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Joint Sentencing Recommendation

11. The parties jointly agree to recommend a sentence of **90 months of imprisonment** in the custody of the Bureau of Prisons, which they agree is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). The parties understand that the agreement does not require the Court to impose the recommended sentence. This agreement does not affect the Court's discretion to impose any fine or to set any lawful conditions of probation or supervised release.

## Obligations of the Parties

12. Subject to the above provision, at the time of sentencing, this Office and the defendant will jointly request that the Court impose a sentence of **90 months of imprisonment**. This Office and the defendant reserve the right to bring to the Court's attention all information with respect to the defendant's background, character, and conduct that this Office or the defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. However, the parties agree not to request a sentence of less than 90 months imprisonment or more than 90 months imprisonment.

## Waiver of Appeal

13. Having been found guilty after a trial, the defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence and allege that errors were committed which would require a new trial or dismissal of the charges. By accepting this Agreement, the defendant knowingly gives up the right to appeal the verdict and the Court's decisions, as further explained below.

14. In exchange for the concessions made by this Office and the defendant in this Agreement, this Office and the defendant waive their rights to appeal as follows:

   a. The defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the defendant's conviction on the ground that the statute(s) under which the defendant was convicted are unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges can be legally waived.

   b. The defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c. The defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Waiver of Certain Post-Conviction Claims and Collateral Attacks

15. In exchange for the concessions made by this Office in this Agreement, the defendant knowingly waives all right, pursuant to 28 U.S.C. § 2255 or any other statute or constitutional provision, to seek post-conviction or collateral relief with respect to any of the

issues, claims, or arguments set forth in the Motion to Vacate or with respect to any other issue, claim, or argument concerning the quality of the representation of the defendant's former counsel in this matter. The defendant has specifically discussed his right and ability to file a motion to vacate, set aside, or correct his sentence on these grounds and his waiver of his rights in this respect is knowing, voluntary, and intelligent.

## Forfeiture

16. The defendant understands that the Court may enter an Order of Forfeiture as part of the defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

17. Specifically, but without limitation on the government's right to forfeit all property subject to forfeiture as permitted by law, the defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in items that constitute money, property, and/or assets derived from or obtained by the defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities, specifically, a sum of money in the amount of $1,246,121 seized as part of the investigation.

18. The defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

19. The defendant agrees to assist fully in the forfeiture of the above property. The defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

20. The defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Court Not a Party

21. The Defendant understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court, and the Court is under no obligation to accept the sentencing recommendation set forth in this Agreement. The

Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept the sentencing recommendation in this Agreement. The Defendant agrees that no one has made such a binding prediction or promise.

<u>Entire Agreement</u>

22. This letter constitutes the complete agreement in this case. This letter supersedes any prior understandings, promises, or conditions between this Office and the defendant. There are no other agreements, promises, undertakings, or understandings between the defendant and this Office other than those set forth in this letter. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the defendant fully accepts each and every term and condition of this Agreement, please have the defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

By: _____
Anatoly Smolkin
Assistant United States Attorney

Christopher J. Romano
Special Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10-26-2022
Date

_____
Jonathan William Wall

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. The defendant advises me that the defendant understands and accepts its terms. To my knowledge, the defendant's decision to enter into this Agreement is an informed and voluntary one.

10|26|22
Date

_____
Shari Silver Derrow, Esq.

5